# Cambria Auto Company v. Frischkorn, Appellant.

*Justice of the peace—Appeals—Bonds—Act of May 29, 1907, P. L. 306.*

1. Under the Act of May 29, 1907, P. L. 306, a justice of the peace has full power in granting an appeal to take good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment; and the fact that the defendant in the judgment has voluntarily paid the costs on taking the appeal will not relieve the surety on the bond from paying the debt and interest if the judgment is affirmed.

2. In an action against the surety on a bond given on an appeal from a justice of the peace to secure the debt, interest and costs, an affidavit of defense is insufficient which does not deny the execution of the bond, nor allege fraud, accident or mistake in the making of it, but merely avers that the justice of the peace agreed that the bondsman would only be responsible for the costs, and that he would not be liable for the debt and interest, if the judgment were affirmed.

Argued May 5, 1913.　Appeal, No. 183, April T., 1913, by defendant, from order of C. P. Cambria Co., Dec. T., 1912, No. 86, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Cambria Auto Company v. F. W. Frischkorn.　Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.　Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Dan L. Parsons* and *Thomas J. Itell*, for appellant.— By paying all the costs at the time of taking the appeal and offering a recognizance in double the amount of the costs accrued or likely to accrue, the defendant had complied with every lawful condition with which he was required to comply, and hence the alderman was not authorized to impose any additional conditions or obligations upon him, and any attempt to do so was entirely outside of the authority or jurisdiction of the alderman, was not a valid and legal obligation, and could not be made the basis of an action against the surety: Com. v. Wistar, 142 Pa. 373; Haines v. Levin, 51 Pa. 412; Bolton v. Robinson, 13 S. & R. 193; King v. Culbertson, 10 S. & R. 325; Jones v. Bogert, 4 Kulp, 322.

*Harry Doerr*, for appellee.—It has been held time and again that the statement by an alderman that "such bail was a mere formality," and words of similar import, do not bind the plaintiff, nor furnish relief to the defendant: Morgan v. Soisson, 21 Pa. Superior Ct. 141; Drechman v. Lauer. 10 W. N. C. 536; Furst v. Ayers, 2 W. N. C. 722.

OPINION BY MORRISON, J., July 16, 1913:

This action was begun by a scire facias sur recognizance of bail.  On December 28, 1910, the plaintiff obtained a judgment against C. B. Parker before M. R. Brennan, alderman of the city of Johnstown, Cambria county, for the sum of $283.85 and costs of suit.  Following the judgment the alderman's record shows the following: "And now, January 3, 1911, defendant appears and pays the costs and takes an appeal, and enters bond in the sum of $300, with F. W. Frischkorn as surety.

"We are held in the sum of Three Hundred Dollars, as bail absolute, conditioned for the payment of the debt, interest, and costs accrued, or that may accrue in the above entitled case.  C. B. Parker, F. W. Frischkorn."

The appeal was duly entered in the common pleas and was subsequently tried and the plaintiff recovered a verdict and judgment thereon in the common pleas of Cambria county in the amount of $304.85, and costs of suit. The scire facias sur recognizance sufficiently set up the facts to entitle the plaintiff to an affidavit of defense and the appellant filed one in which he denied all liability except "for the costs which have now accrued in the aforementioned action, a tender of the amount of which said costs is made herewith." The ground of his defense is set out in the affidavit as follows: Defendant, "declares that he became the bail or security before M. R. Brennan, an alderman of the Fourth ward, city of Johnstown, in said county, for the costs alone that might accrue in said case, and not for the debt and interest thereon; that it was so understood and agreed upon by your deponent and the said alderman, the latter declaring that the giving of such bail was a mere formality and that the defendant would only be responsible for the costs in the event of the higher court affirming the judgment and that the bailor or security would not be held liable for the debt and interest." The next paragraph of the affidavit we consider immaterial as the bail now required on appeal from the judgment of an alderman or justice of the peace, by the Act of May 29, 1907, P. L. 306, is not required to be in double the amount of the judgment, interest and costs.  That act only requires good and sufficient bail absolute, for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment.  The affidavit then closes with the following paragraph: "And, further, the deponent declares that, as the law does not in such actions contemplate bail absolute for the debt, interest and costs, the only amount for which your deponent stands bound is the already accrued costs, and therefore deponent asks

and demands that judgment be rendered in his favor and against the plaintiff."

A motion was made for judgment for want of a sufficient affidavit of defense and upon argument and consideration the learned court below granted judgment for want of a sufficient affidavit of defense and the same was regularly liquidated and entered for the amount above stated. It will be noted that the affidavit of defense simply denies that the appellant became liable for the payment of the debt, interest and costs, but this is in flat contradiction of the recognizance which is above quoted and which is recited in the scire facias. The affidavit of defense does not deny that the appellant entered into the recognizance just as it is stated in the record, nor does the affidavit allege fraud, accident or mistake in the making and entering into the recognizance. The affidavit does not pretend that the appellant did not know the contents of the recognizance, as he was bound to know, but the point relied upon is that the appellant and alderman agreed that the defendant would only be responsible for the costs in the event of the higher court affirming the judgment and that the appellant would not be held liable for the debt and interest. In our opinion, if this recognizance was valid and legal, then the appellant is clearly liable thereunder for the debt, interest and costs, to the amount of the recognizance, notwithstanding all of the averments contained in his affidavit of defense.

The learned counsel for appellant takes the position that the recognizance should have been taken in the form prescribed by sec. 1, Act of March 20, 1845, P. L. 188, and that, in accordance with said act, defendant was entitled to take an appeal on giving bail absolute, in double the probable amount of costs accrued and likely to accrue, with one or more sureties, conditioned for the payment of all costs accrued or that may be legally recovered against the appellant. In support of this position the learned counsel cites Com. v. Wistar, 142 Pa. 373; Haines v. Levin, 51 Pa. 412; Bolton v. Robinson, 13 S. & R. 193;

King v. Culbertson, 10 S. & R. 325, and Jones v. Bogert, 4 Kulp, 322. The latter case consists of a clear and satisfactory opinion delivered by RICE, P. J., on March 30, 1887, when he was presiding in the courts of Luzerne county. If the appellant's counsel is correct in assuming that the alderman only had authority to take the bail prescribed by the act of March 20, 1845, supra, the cases above cited demonstrate quite satisfactorily that the appellant is not liable on his recognizance for debt and interest because under said act the alderman had no authority to take a recognizance except conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants. But this position overlooks the effect of subsequent legislation, and an examination of the statutes show that there have been several acts of assembly since the act of 1845 in regard to bail on appeals from judgments of aldermen and justices of the peace.

We first call attention to the Act of June 24, 1885, P. L. 159, not because we consider it material or controlling on the present question but because it is amended by the Act of May 29, 1907, P. L. 306, which act we do consider important and controlling in the present case. The latter act cites sec. 1 of the act of June 24, 1885, for amendment and then provides: "That in all cases of appeal from the judgment of an alderman or justice of the peace, the said alderman or justice of the peace shall be entitled to demand and receive from the appellant the costs in the case, before making and delivery of the transcript for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party, the costs so as aforesaid paid on appeal: Provided, however, that if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal."

Section 2. "All acts or parts of acts, general, special,

or local, inconsistent herewith, be and the same are hereby repealed."

It must be conceded that this act, which is the last one upon the subject, conferred on aldermen and justices of the peace full power, in granting an appeal, to take good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment.

This is what was done by the alderman in the present case with the exception that he permitted the defendant to pay the costs. We regard the recognizance as taken a substantial compliance with said act of assembly. The affidavit of defense does not aver that the defendant was refused an appeal unless he would pay the costs. So far as we can judge from the affidavit, the payment of the costs by the defendant was his own voluntary act and we are unable to see how this invalidated the recognizance which admittedly was entered into by the appellant. The fact that the defendant in the judgment before the alderman paid the costs did not injure the appellant because he now admits his liability under the recognizance for all costs which have accrued since the appeal and if the plaintiff had not paid the costs to the alderman, the appellant would be liable for those costs in addition to the costs which accrued on the appeal. In view of the provisions of the act of May 29, 1907, supra, we are of the opinion that the appellant is liable on his recognizance for the payment of debt, interest and costs, to the amount of the recognizance, recovered in the court of common pleas.

Having reached this conclusion, the assignments of error are all dismissed and the judgment is affirmed.