# Loughney *v.* Huntsman Construction Co., Appellant.

*Affidavits of defense—Insufficiency—Contracts—Building contracts—Breach—Completion of building by owner—Owner's claim for excess cost—Claim against surety.*

1. Where in an action of assumpsit matters alleged in the statement of claim are such as could well be learned by the defendant by inquiring in proper quarters mere formal denials in his affidavit of defense are insufficient.

2. In an action upon a penal bond executed by the defendant surety company as surety and a construction company as principal to indemnify plaintiff from any loss by reason of the failure of the construction company to faithfully perform a contract to construct a building for the plaintiff, who was compelled by reason of the construction company's default to complete the building at a cost in excess of the contract price, an affidavit of defense was insufficient which failed to deny that the construction company made default, or that the owner took possession of the building and completed it at the amount sued for, but averred that a copy of the plans and specifications was not annexed to the copy of the contract referred to in the bond, but no question arose involving such plans and specifications; that there was a denial that plaintiff's exhibit D was formally served on the date averred in the statement but there was no denial that it was received or subsequently came to the knowledge of the parties; that certain alter-

ations were made, the extent and value of which the defendant did not know, where the contract permitted such alterations; and that plaintiff had made certain payments to the contractor before they were due, although forbidden so to do by the terms of the bond, but there was no allegation that damage resulted from such payments.

Argued Oct. 21, 1915. Appeal, No. 113, Oct. T., 1915, by Massachusetts Bonding & Insurance Co., defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 1273, for want of a sufficient affidavit of defense in case of Mary D. Loughney v. Huntsman Construction Company, a corporation, and Massachusetts Bonding & Insurance Company, a corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on contract of indemnity against failure to complete building contract.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion by SHAF-ER, P. J.:

The action is upon a penal bond made by the Huntsman Construction Company and the Massachusetts Bonding and Insurance Company to the plaintiff, upon condition that the Huntsman Construction Company should indemnify the plaintiff from any loss or damage directly arising by reason of its failure to faithfully perform a written contract dated June 25, 1913, for the building by the construction company for the plaintiff, of a six-story fireproof building in the City of Pittsburgh. The execution of the bond by the defendants is admitted, and it is further admitted that Exhibit "A" attached to the bill is a copy of the contract referred to, although it is pointed out that a copy of the plans and specifications for the building referred to in the contract is not annexed to the affidavit of claim.

The contract provided that the building should be

finished by December 1, 1913; that if it was so finished, the construction company should receive a bonus of $925.00; and that if it was not so finished, the construction company should then receive no bonus, but should pay five dollars a day for each day after that time until the building should be completed. The contract contains the usual clause providing that if the contractor should at any time refuse or neglect to prosecute the work, and such refusal should be certified by the architect, the owner might then proceed to finish the building and charge the cost of finishing it to the contractor, requiring certain notices to the contractor. The contract also contains the usual clause as to the decision of the architect as to the meaning of drawings and specifications, and that the expense of the owner for furnishing material or finishing the work, or any damage incurred through such fault, should be ordered and certified by the architect, and that his certificate should be conclusive. It is then averred that the contractor did fail, in January, 1914, to duly prosecute the work, and that this was certified by the architect and that the owner proceeded to finish the building, and that the cost of so doing in excess of the contract price was $6,999.16. Each of the defendants has filed an affidavit of defense, these affidavits being substantially alike, so far as they cover the same ground.

The first suggestion by way of defense is that the plans and specifications are not annexed to the copy of the contract referred to in the bond. As no question about these plans and specifications arises in the case, and as the addition of the plans and specifications for a large building such as this to the plaintiff's affidavit of claim would unduly encumber the record, we are of opinion that the plaintiff was not required to file the plans and specifications. There is a denial that plaintiff's Exhibit "D" was served on the 20th day of January or thereafter, but as there is no denial of the receipt of the notice marked Exhibit "F" this does not appear to be material. Be-

sides this, it is not denied that Exhibit "D" was received or came to the knowledge of the parties, although it may not have been formally served. As to the making of the certificate by the architect, and as to the service of notices of it, the only allegation is that defendants have no knowledge and no means of knowledge as to whether this certificate was made or these notices served or not, and after this denial of all knowledge of the subject the defendants proceed to deny the allegations of the statement of claim. Where the matters which are alleged by the plaintiff are such as could well be learned by inquiring in proper quarters by the defendant, he cannot be allowed to make what would be nothing more than formal denials to put the plaintiff on proof. He ought to show what efforts he made to ascertain the facts, or show circumstances which excuse his want of knowledge. It is not denied that the construction company made default in the completion of the building, or that the owner took possession of it and completed it and paid out the amount sued for. It is also alleged that the building was not completed according to the original plans, but that certain alterations were made in the vestibule and staircases, the extent and value of which the defendants do not know. It is, however, provided by the contract that alterations may be made upon the building, upon the written order of the architect countersigned by the owner. The failure of the contractor to prosecute the work did not deprive the owner of the right to make alterations in the building, and such alterations are not a departure from the contract such as to relieve the surety. It is to be presumed, therefore, in the absence of any statement to the contrary, that the architect took into account such alterations in ascertaining the cost of the fulfillment and completion of the contract. The defendants also allege that a part of the sum which is set forth by the architect as having been paid for the completion of the building includes payments made to persons who furnish materials to the

Huntsman Construction Company, which materials were placed in the building prior to the time plaintiff took possession, and that therefore these payments were mere voluntary payments of amounts due by the Huntsman Construction Company. As the claims of the parties named in Exhibit 1 of the affidavit of defense were admittedly for labor and materials furnished for the building, their existence was evidence of liens which under the contract the construction company was bound to pay. The defendants also set up a claim of set-off in the sum of $1,300.00 odd, for the value of certain property belonging to the construction company, which the plaintiff took possession of. The contract provides that when the building is taken over to be finished by the owner, all materials, goods, chattels and effects in or about the building shall be forfeited to the owner, and may be employed or sold or disposed of as she may direct. It must be presumed that the architect gave credit for the tools and materials so taken. It is further averred that no notice was given of the failure of the construction company to complete the building on December 1, 1913, and it is claimed that this was a default in giving notices required by the terms of the bond. We are unable to see how the failure to complete the building on that day is a default in any way under the terms of the contract. The contract itself contemplated the finishing of the building at a later time at the option of the contractor, provided he allowed five dollars a day for the delay. The only remaining matter of defense seems to be the claim of the defendant that payments were made by the owner to the contractor before they were due, which is forbidden by the terms of the bond. The allegation is that in August, October and November, while the work was going on, ten-day notes were given for amounts of $1,000.00 or $1,500.00 by the owner to the contractor, from one to four days before the end of the month, and before the certificate of the architect was issued. These were not payments of current funds, as

required by the contract, but they did in fact give credit to the contractor before the issue of the certificate, and if this appeared to have done any damage whatever to the defendants it would constitute a defense to the plaintiff's claim, but as the plaintiff retained, until after the default, the whole of the twenty per cent. which was to be retained, and the latest of the notes in question was paid a long time before the default, it does not appear how there could be any material injury, or any injury whatever, to the bonding company, the defendant, by reason of such payment, and no such injury is alleged. We understand it to be the law that a variance from the contract which relieves a surety must be a material one and one which substantially increases the chances of loss: Young v. Am. Bonding Co. of Balto., 228 Pa. 373; Fels & Company v. Mass. Bonding & Ins. Co., 48 Pa. Superior Ct. 27.

We are of opinion, therefore, that the affidavits of defense filed by the defendants herein do not show any good defense to the action, and the rules are therefore made absolute.

Judgment was entered against defendant for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in making absolute the judgment for want of a sufficient affidavit of defense.

*John M. Reed,* with him *Dalzell, Fisher and Hawkins,* for appellant.

*John M. Watson,* of *Watson & Freeman,* with him *J. Linus Moran, Leo M. Dillon* and *Francis R. Harbison,* for appellee.

PER CURIAM, January 3, 1916:

This judgment is affirmed on the opinion of the learned president judge of the court below making absolute the rules to show cause why it should not be entered.