# Kelly, Appellant, *v.* Pennsylvania Company, Operating the Pittsburgh, Fort Wayne & Chicago Railway.

*Practice, C. P.—Rules of court—Common Pleas Court of Allegheny County—Rule 140—Validity.*

Rule 140 of the Common Pleas Court of Allegheny County providing that a defendant in an action of trespass may be required to file a bill of particulars of his defense, is inconsistent with the common law and contravenes the Procedure Act of May 25, 1887, P. L. 271, and is void.

Argued Feb. 2, 1916. Appeal, No. 136, Oct. T., 1915, by plaintiff, from order of C. P. Allegheny Co., July T.,

1914, No. 2208, vacating judgment, in case of Peter J. Kelly v. Pennsylvania Company, operating the Pittsburgh, Fort Wayne & Chicago Railway.   Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, BROWN and CARNAHAN, JJ.

Rule to strike off a judgment entered in favor of plaintiff for defendant's default in failing to file a bill of particulars.

The opinion of the Supreme Court states the facts.

The court made the rule absolute.   Plaintiff appealed.

*Error assigned* was the order of the court.

*C. S. Cochran,* with him *Oscar T. Taylor,* for appellant. —Rule 140 of the Common Pleas Courts of Allegheny County providing that the plaintiff in actions of trespass may require the defendant to file a bill of particulars setting forth his defense is not in violation of the Practice Act of May 25, 1887, P. L. 271, and is valid: Goldstein v. Fritzius, 41 Pa. Superior Ct. 219; Stell v. Moyer, 9 Pa. D. R. 516; Ernst v. Rieze, 8 Schuylkill 144; Zyncofski v. Lehigh Valley Coal Co., 9 Schuylkill 119.

The court had no power to strike off the judgment in this case: Johnson v. Royal Insurance Co. of Liverpool, 218 Pa. 423; Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432; Todd v. Quaker City Mut. Fire Ins. Co., 9 Pa. Superior Ct. 371; Brennan's Est., 65 Pa. 16; Gannon v. Fritz, 79 Pa. 303; Wyoming Valley Brick Mfg. Co. v. Temple Iron Co., 17 Luzerne 160; Donoghue v. O'Kane, 55 Pa. Superior Ct. 11.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellee.—The court had no power to make the rule which was inconsistent with the Practice Act of May 25, 1887, P. L. 271.

The Common Pleas Court had no power to enter judgment against the defendant for failing to file a bill of particulars: Monahan v. Auman, 42 Pa. Superior Ct. 480; Johnston v. Royal Insurance Co. of Liverpool, 218 Pa. 423; Commonwealth v. Shoener, 25 Pa. Superior Ct. 526.

Opinion by Mr. Chief Justice Brown, May 15, 1916:

Peter J. Kelly, the appellant, brought an action in trespass against the Pennsylvania Company to recover damages for personal injuries sustained by him while serving it as one of its employees. After an appearance had been entered for it and plaintiff's statement of his cause of action had been filed, his attorney entered a rule upon the defendant to plead within fifteen days and to file a bill of particulars within twenty days. This call for a bill of particulars was made under what is now known as rule 140 in the court below, which is as follows: "In actions of assumpsit and trespass, the plaintiff may, at any time, before the cause is put on the trial list, and thereafter by leave of court, rule the defendant to furnish him with a bill of particulars of his defense. And in default thereof, for twenty days after notice, judgment may be entered against the defendant on proof of notice and default; and on trial the defendant shall be confined to the defense he may have set forth in answer to the rule, unless amendment be allowed by the court for cause shown." The defendant failed to file a bill of particulars, and, on application of counsel for the plaintiff, judgment was directed to be entered against it by default; and an order was made, in the nature of a writ of inquiry, for the assessment of damages and costs sustained by the plaintiff. Subsequently, on defendant's motion, this judgment was stricken off, the court below being of opinion that the rule under which it was taken was invalid. The single question raised on this appeal is as to the authority of a Court of Common Pleas to

adopt and enforce a rule for requiring a defendant in an action of trespass to file a bill of particulars of defense.

By the Act of June 16, 1836, P. L. 784, power is given to the Courts of Common Pleas "to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper: Provided, That such rules shall not be inconsistent with the Constitution and laws of this Commonwealth." The action brought by the plaintiff would have been trespass on the case under the common law. Now it is simple trespass: Act of May 25, 1887, P. L. 271; and the practice in prosecuting it, except as changed by statute, is that which prevailed at common law. The requirement that a defendant in an action of trespass shall file a bill of particulars is unknown in common law practice in England or in this State, and it may be regarded as a rule of the common law that he cannot be called upon for such a bill. By the procedure Act of 1887 the common law actions ex contractu have all become "assumpsit," and what was trespass, trover or trespass on the case is now simple "trespass." Special pleading is abolished, but a defendant in an action of assumpsit may, in addition to the plea of non assumpsit, plead payment, set-off and the bar of the statute of limitations. "The only plea in the action of trespass shall be 'not guilty.'" On that issue, and on it alone, a defendant in an action of trespass is now to meet on the trial the cause of action against him as particularly set forth in plaintiff's statement. The legislature having, in effect, declared that no affidavit of defense or no particularization of the same shall be filed, a defendant need do no more than plead the general issue. He is no longer required to plead the statute of limitations, because the Act of 1887, in its terms, provides that nothing more can be required of him than the simple plea of "not guilty": Martin v. Pittsburgh Rys. Company, 227 Pa. 18. True, if a corporation is a defendant in an

action of trespass, its existence shall be taken as admitted unless it is put in issue by the pleadings.   This, however, is so by virtue of the Act of June 9, 1911, P. L. 723, and since its passage a defendant corporation, in an action of trespass against it, cannot deny its existence under the general issue of "not guilty," but must do so by affidavit duly filed or possibly by the plea of nul tiel corporation.   In Mitchell on Rules and Motions, edition of 1906, page 52, revised by its very learned author, there is this note in connection with reference to a rule to show cause why a defendant in an action of tort should not furnish a bill of particulars in addition to his plea of not guilty : "Since the Act of May 25, 1887, P. L. 271, this rule is of doubtful use, for in cases of assumpsit a rule for judgment for want of a sufficient affidavit of defense would accomplish the same result, and in trespass it is not available because, by Section 7 of this act, special pleading is abolished and its use formerly was restricted to these."   As Rule No. 140 in the court below is inconsistent with the common law and contravenes the procedure Act of 1887, this appeal is dismissed and the order complained of by the assignment of error is affirmed.