# Desantis *v.* Campbell, Appellant.

*Courts—Allegheny County Court—Certiorari to Common Pleas —Appeals.*

Under the Act of May 5, 1911, P. L. 198, creating the County Court of Allegheny County, defining its jurisdiction, and prescribing the practice and procedure therein, either a certiorari or an appeal may be taken from its judgment to the Common Pleas. On a certiorari the Common Pleas cannot review alleged errors in the admission or rejection of evidence, but only errors appearing on the face of the record.

Doubted whether the Act of April 22, 1905, P. L. 286, authorizing courts to certify evidence and enter judgment upon the whole record, applies to the County Court of Allegheny County created by a later act; but even if it did it would have no application to a case where there has been no prayer for a binding direction by the trial judge to the jury.

Argued April 24, 1917.    Appeal, No. 36, April T., 1917, by defendant, from order of C. P. Allegheny Co., July T., 1915, No. 2746, affirming judgment of County Court in case of Rocci Desantis v. W. M. Campbell.    Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.    Affirmed.

Certiorari to County Court.    Before CARPENTER, J. The opinion of the Superior Court states the case.

*Error assigned* was judgment affirming judgment of County Court.

Arguments—Opinion of the Court. [68 Pa. Superior Ct.

*George C. Bradshaw,* with him *G. R. Speer,* for appellant.—The county court in passing on judgment non obstante veredicto, has all the evidence before it; and as a consequence a writ of certiorari brings up to the Court of Common Pleas the same record that was passed on by the county court in the motion for judgment non obstante veredicto.

If therefore, it appears by the record that errors had been made in the admission or rejection of testimony, the power to reverse is apparent; because on a writ of certiorari when an error is found in the record, it is the duty of the court to reverse. Dryden v. Swinburne, 20 West Virginia 107.

*Oliver K. Eaton,* for appellee.—In Pennsylvania the writ of certiorari does not take up the evidence: Rand v. King, 134 Pa. 641; Montgomery County's App., 148 Pa. 640; Holland v. White, 120 Pa. 228; Washington Party Nominations, 237 Pa. 567; Com. v. Supt. Co. Prison, 220 Pa. 401; Com. ex rel. McDougall v. McDougall, 203 Pa. 201; Factoryville, Etc., Turnpike & Plank Road, 19 Pa. Superior Ct. 613.

It is inconceivable that the legislature intended to provide two independent methods of reviewing testimony taken in the county court, and this is the view which was taken by Judge REID in Costello v. Pennsylvania Co., 63 P. L. J. 796.

OPINION BY HEAD, J., October 8, 1917:

The plaintiff brought an action in the County Court of Allegheny County to recover damages for injuries sustained by him resulting, as he alleged, from the negligent operation by the defendant of an automobile. The case was tried before a judge and jury and resulted in a verdict for the plaintiff.

We do not find the charge of the trial judge printed in the paper books nor any evidence that a point praying for binding instructions was presented or declined.

Later on a motion for judgment non obstante veredicto was filed and thereupon the court granted a rule to show cause why the evidence taken upon the trial should not be duly certified so as to become part of the record and why judgment n. o. v. should not be entered upon the whole record. The rule was later on discharged. Thereupon the defendant caused to be issued out of the Court of Common Pleas a writ of certiorari to bring up the record for review. The Common Pleas Court, after the matter had been separately examined by four different judges, was of opinion that upon such writ the Common Pleas could not review alleged trial errors in the admission or rejection of evidence and affirmed the judgment of the county court. The judges of the Common Pleas, in so ruling, pursued the same course adopted by still another one. of the judges in an earlier case wherein he said: "It is apparent that the proceedings by certiorari was intended to merely review the technical and limited record as such and not introduce an entirely new practice by requiring the court to examine the testimony, as it can scarcely be maintained that the legislature proposed to provide two independent methods of reviewing the testimony; one by certiorari and the other by an appeal, which latter method specifically provides for judgment upon the whole record."

The Act of 5th of May, 1911, P. L. 198, created the County Court of Allegheny County, defined its jurisdiction and prescribed the practice and procedure therein. Ample provision was made for a review of the decisions of the new court by the Court of Common Pleas. Two methods of taking an appeal were specifically provided. Immediately following these provisions the act declared that any party aggrieved by the judgment of said court might have a writ of certiorari to remove the record to the Court of Common Pleas "in the manner as now provided by law in regard to writs of certiorari issuing out of said Common Pleas, etc." The several

supplements to the original act cover a variety of subjects but in each one of them there is maintained the distinction between an appeal and a writ of certiorari. There is a perfectly sound reason for legislation recognizing such distinction. If the county court should be without jurisdiction to determine a question presented to it and enter judgment thereon, a writ of certiorari would furnish a prompt remedy without any consideration of the many questions that might have been raised on the trial. So, if the proceedings, even in a case where the jurisdiction was grounded, were so irregular they might fairly be said to be not according to law, again the remedy would be available. It appears to us, upon a reading of the statutes, the legislature clearly intended to continue to keep the two remedies separate and distinct as they had theretofore been recognized to be.

But it is urged upon us, that as a result of the passage of the Act of April 22, 1905, P. L. 286, the order made in this case by the county court on request of the defendant made the whole of the evidence a part of the record for every purpose so that upon a writ of certiorari the Common Pleas could take the same cognizance of every question raised during the trial that it could upon an appeal properly so called. We think not. The title of the statute is "An act authorizing the courts of this Commonwealth to certify the evidence and enter judgment upon the whole record, whenever a request for binding instructions has been reserved or declined by the trial judge, etc." The enacting clause in its scope follows the title and after providing for a final judgment declares that "From the judgment thus entered either party may appeal to the Supreme or Superior Court as in other cases, etc." As this statute was passed some years before the creation of the county court of Allegheny County and provides that an appeal may be taken from the judgment therein contemplated directly to the Supreme or Superior Court, it may well be doubted whether its provisions have any relation to the trial of

cases in the county court of Allegheny County. As we
have seen, the statutes creating that court and prescrib-
ing its procedure, allow no appeal directly from its judg-
ment to either of the appellate courts just named.   On
the contrary they all declare the remedy of a party ag-
grieved by the judgment of that court is confined to an
appeal to the Court of Common Pleas or a writ of cer-
tiorari from that court.   But in no event can the pro-
cedure directed or authorized by the Act of 1905 be suc-
cessfully adopted where there has been no prayer for a
binding direction by the trial judge to the jury.   As we
have before observed, we find no trace of any such point
or the action of the court upon it in the record.   We
are of opinion the lower court took the correct view of
the nature and extent of its writ of certiorari and prop-
erly declined to adjudicate the alleged trial errors set
up as ground of exception to the judgment.   The assign-
ments of error are overruled.

Judgment affirmed.