542 POLISH UNION of U.S. of A. *v*. PA. BK. & TR. CO. of W.-B.

Syllabus—Opinion of the Court. [80 Pa. Superior Ct.

# Polish Union of the United States of America *v.* Pennsylvania Bank and Trust Company of Wilkes-Barre, Pa., Appellant.

*Affidavit of defense—Averments of lack of knowledge—Insufficiency.*

An affidavit of defense which avers lack of knowledge with demand for proof is insufficient, especially in a case where the admitted averments show that the defendant had knowledge.

Submitted March 5, 1923. Appeal, No. 20, March T., 1923, by defendant, from judgment of C. P. Luzerne Co., May T., 1922, No. 845, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of Polish Union of the United States of North America v. Pennsylvania Bank and Trust Company of Wilkes-Barre. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for difference in amount due on foreign exchange. Before FULLER, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the judgment of the court.

*John Menovsky,* for appellant.

*M. J. Torlinski* and *W. A. Valentine,* for appellee.

OPINION BY LINN, J., April 16, 1923:

This appeal is from judgment for want of a sufficient affidavit of defense. Defendant specifically admits all the allegations in the statement but four; to those, it

averred lack of knowledge with demand for proof, if material. Not only is such averment generally insufficient (Buehler v. U. S. Fashion Plate Co., 269 Pa. 428), but particularly so in this case where the admitted averments show defendant had knowledge. We take the case with the statement admitted. While not a model, it avers that plaintiff was a fraternal beneficial association, desiring to satisfy liability on two beneficial certificates of $1,000 each, payable to two widows in consequence of the deaths of their respective husbands; that defendant conducted a general banking business with a foreign exchange department; that plaintiff took those sums to defendant's foreign exchange department to be exchanged for money orders in Polish marks, to be used in paying plaintiff's liability to the beneficiaries, and that defendant for that purpose, issued the orders for Polish marks (the details are specified in the statement) of the market value of only $1,395.37, instead of $2,000. Plaintiff accordingly sought recovery for the difference, $604.63, contending there was an implied obligation that current rates of exchange should govern the transactions: Hertzog v. Hertzog, 29 Pa. 465. In the absence of any denial judgment for the plaintiff for that sum was inevitable.

It is accordingly affirmed.