# R. E. McCosh, Trading as R. E. McCosh & Company to use of Blaine, MacKay, Lee Company, Appellant, *v.* Michael Wax.

*Contracts—Assumpsit—Practice Act of 1915—Pleadings — Evidence—Proof of loss.*

In an action of assumpsit for breach of contract for refusal to accept goods in accordance with the terms thereof, the plaintiff, in proof of loss, offered in evidence a portion of the statement of claim, setting forth the market price, as of the day of the breach. He also offered in evidence the affidavit of defense which merely denied knowledge of the plaintiff's averment as to market price, and demanded proof thereof. The court excluded the offer.

That was erroneous. Unless a properly averred fact is denied in the affidavit of defense, it is not put in issue within the meaning of the Practice Act, and may, therefore, be read in evidence as admitted. A mere denial of knowledge with demand for proof does not put such fact in issue.

Argued October 18, 1923. Appeal, No. 271, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2947, refusing to take off nonsuit in case of R. E. McCosh, trading as R. E. McCosh & Company, to use of Blaine, MacKay, Lee Company, v. Michael Wax. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover damages for breach of contract. Before BARTLETT, J.

The opinion of the Superior Court states the case.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were the rejection of the offer of a portion of the statement of claim and the affidavit of defense, and refusal to take off the nonsuit.

*Paul C. Wagner,* and with him *Joseph S. Clark,* for appellant.

*Lionel Teller Schleisinger,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Appellant complains of the refusal to take off a nonsuit. It was entered for lack of proof of loss. The action was assumpsit for refusal to accept flour alleged to have been sold to defendant. The contract, tender by plaintiff, and refusal to receive were proved by reading into the record appropriate averments in the statement of claim and the admissions in the affidavit of defense.

In proof of loss, to show the market value of the flour at the breach of contract, appellant offered in evidence paragraph 6 of the statement of claim with the corresponding paragraph of the affidavit of defense, but the court excluded the offer. That refusal is assigned for error. The essential parts of the offer are as follows: "......The market price of the flour......on...... when the defendant refused to accept......was $2,170 ($7 per barrel)......" The affidavit of defense stated: "6. The defendant has no knowledge, of the market price of the flour......and, if the same be material, demands proof thereof......"

It is now well settled that unless a properly averred, relevant fact is denied in the affidavit of defense, it is not put in issue within the meaning of the Practice Act, and may, therefore, be read in evidence as admitted; it is equally well settled that without more, a denial of knowledge with demand for proof does not put such fact in issue: Buehler v. Fashion Plate Co,, 269 Pa. 428, 432; etc; Franklin Sugar R. Co. v. Hanscom, 273 Pa. 98, 102; Wally v. Jones, 275 Pa. 250, 252; Kirk v. Showell et al., 276 Pa. 587, 590.

Defendant therefore admitted appellant's allegation of market value. The excluded evidence, with what had been received, would have made out a prima facie case;

the fact was susceptible of proof in the manner proposed; as it was error to exclude it, we must sustain the appeal.

Judgment reversed and new trial awarded.