Meta *v.* Kramer, Appellant.

Argued May 4, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*M. D. Wedner,* for appellant.

*I. Edward Roth,* and with him *Emanuel Goldberg,* for appellee.

Opinion by James, J., July 14, 1933:

This is an action of assumpsit upon a bail bond given on an appeal from a judgment of an alderman.

Plaintiff's statement of claim sets forth in the second paragraph in substance as follows: On the 14th day of April, 1931, defendant herein became bail absolute for one, T. D. Johnson in an appeal from a judgment of an alderman in the case of "Joseph S. Meta v. T. D. Johnson, doing business as the National Survey Service" and signed for the benefit of the plaintiff therein the following bond, inter alia: "held in $600 as bail absolute for the payment of debt, interest and costs that have accrued or will accrue on affirmance of this judgment, or that may be legally recovered against appellant. D. H. Kramer." The third

paragraph of the statement sets forth in substance as follows: On the 23rd day of April, 1932, the said appeal No. A778 of 1931 was tried before a jury and verdict rendered for the plaintiff in the sum of $294.07, which sum T. D. Johnson, defendant therein, refused to pay; that efforts have been made to locate the defendant or any of his assets without avail. The fourth paragraph sets forth that payment was demanded of the liquidated amount of the said judgment which, with items of cost, amounted to $305.57, upon which amount the following item of credit was given: "Less credit on camera sold on agreement of counsel, $15," leaving the amount due of $290.57.

Defendant filed an affidavit of defense in which he set forth in substance in answer to the second paragraph that the defendant T. D. Johnson, did pay the costs due to the said alderman and thereupon by law it was not necessary for him to secure bail absolute and that the only bail he was required to secure was the usual bail of $50 for costs which might accrue in the future; that the said bond was without consideration and was not given pursuant to any requirement of law. Paragraph 3 of the affidavit of defense is as follows: "3. The averments of paragraph third of the plaintiff's statement of claim are denied as stated, and in answer thereto the defendant avers that, as the stenographic record of the trial of the case at No. A-778 of 1931 will disclose, it was expressly understood and was a distinct and definite condition in this case that the payment of the amount claimed, to wit, the sum of $294.07, for which the verdict was subsequently rendered, was conditioned upon and subject to the return by the plaintiff in this action to T. D. Johnson, the defendant in the case at No. A-778 of 1931, of a certain camera and surveyor's instruments and tripod, all of which is more fully set forth in the answer and affidavit of defense filed by the said T.

D. Johnson in the proceeding at No. A-778 of 1931. Defendant avers that the said camera and surveyor's instruments and tripod have not been returned to T. D. Johnson or to the defendant herein, that in fact the plaintiff has admitted that he is not able to return the same.'' A motion for judgment on the pleadings was then made and judgment was entered for want of a sufficient affidavit of defense, from which judgment this appeal is taken.

. The reason assigned in the second paragraph of the affidavit of defense is without merit. Defendant voluntarily signed the bond in the form in which he was requested in spite of the fact that he knew he was not required to do so. ''Under the Act of May 29, 1907, P. L. 306, a justice of the peace has full power in granting an appeal to take good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment; and the fact that the defendant in the judgment has voluntarily paid the costs on taking the appeal will not relieve the surety on the bond from paying the debt and interest if the judgment is affirmed.'' Cambria Auto Co. v. Frischkorn, 54 Pa. Superior Ct. 268. An affidavit of defense by a surety on a bond given on an appeal from a justice of the peace to secure the debt, interest and costs, is insufficient which does not deny the execution of the bond nor allege fraud, accident or mistake in the making of it: Cambria Auto Co. v. Frischkorn, supra. The defendant, who is a member of the bar of Allegheny County, surely could not allege that there was either fraud, accident or mistake under the circumstances alleged in the second paragraph of the affidavit of defense. The execution of the appeal bond imports a consideration and no special consideration to the surety is required.

Appellant strenuously urges that the averments in the third paragraph of the affidavit were sufficient to

prevent judgment and to have the facts determined by a jury. This contention we can not sustain. Sections 6 and 8 of the Practice Act of 1915 provide that: "Every allegation of fact in the plaintiff's statement of claim ...... if not denied specifically or by necessary implication in the affidavit of defense ...... shall be taken to be admitted ...... It shall not be sufficient for a defendant ...... to deny generally the allegations of the statement of claim ......, but he 'shall answer specifically each allegation of which he does not admit the truth.' ". This paragraph simply denies the averments as set forth in the third paragraph of plaintiff's statement and attempts to aver an agreement which took place at the trial of the case at No. A-778 of 1931 when the principal in the appeal bond was defendant, and is not sufficient to prevent judgment. "An affidavit of defense that simply denies the averments of the statement of claim, is insufficient under Sec. 8 of the Act of 14th May, 1915, P. L. 483." Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Weaver et al. v. Shimer, 91 Pa. Superior Ct. 186. The averments of plaintiff's statement considered to be admitted were that the case of "Joseph S. Meta v. T. D. Johnson" had resulted in a verdict in favor of the plaintiff in the sum of $294.07, which the said T. D. Johnson had refused to pay and that plaintiff was unable to obtain satisfaction. The remaining portion of paragraph 3 of the affidavit of defense attempts to set forth an agreement which took place during the trial of the appeal and we are required to refer to the motion for judgment on the pleadings for the order made, which reads as follows: "The Court: Counsel by stipulation agree that if there is a verdict for the plaintiff or for the defendant the plaintiff will return the instruments in question to the defendant upon payment of the verdict." In order for us to determine the nature and character of the instruments, we are re-

ferred to the affidavit of defense in the suit against the principal on the bond which is not part of this record.

The concluding portion of paragraph 3 of defendant's answer is as follows: "Defendant avers that the said camera and surveyor's instruments and tripod have not been returned to T. D. Johnson or to the defendant herein, that in fact the plaintiff has admitted that he is not able to return the same." When, where and to whom the plaintiff herein admitted that he was not able to return the instruments is not disclosed and therefore this is not a sufficient answer. Defendant having failed to answer the averment that by agreement of counsel a camera had been sold for which a credit of $15 had been allowed, admits that said camera had been sold by agreement and therefore plaintiff was under no obligation to return the same.

The order made by the court at the trial on the appeal clearly sets forth that the instruments in question were to be returned upon payment of the verdict and not as appellant contends that payment of the verdict was to be made when the instruments were returned. The affidavit fails to set forth whether defendant is prepared to make payment or has tendered payment of the liquidated claim. The payment or tender of payment was a condition precedent to any defense which the defendant might have to the entry of judgment. The averment of the failure to comply with the stipulation as to the return of the instruments might be effective to control execution on the judgment but would not prevent entry of judgment for want of a sufficient affidavit of defense. We believe the affidavit to be evasive and not responsive to the allegations of plaintiff's statement. If execution is issued without the return of the instruments as stipulated in the order of court, it is a matter which is entirely in the control of the court below.

Judgment affirmed.