## Adams v. Miller et al.

*Francis E. Walter* and *Carlton T. Woodring*, for plaintiff.

*Coffin & Coffin*, for defendant, Fireman's Fund Indemnity Co.

STEWART, P. J., September 17, 1934.—This was a sci. fa. on a bond given by the Fireman's Fund Indemnity Company before an alderman on an appeal by the defendants from a judgment rendered against them by the alderman. On the trial in the common pleas the judgment was affirmed. Plaintiff now seeks to recover from the surety the amount of the verdict, interest and costs. The form of the bond is as follows: "I hereby become bail absolute in the sum of $460.00 Dollars for costs which may accrue, in case of the affirmance of the said judgment. And I swear I am worth the amount of said bail in real estate in Northampton County, Pennsylvania, over and above all encumbrances, debts, and exemptions." No costs were paid at the time of taking the appeal. Plaintiff's contention now is that the words "bail absolute" show that it was the intention of the defendants to give bail under the provisions of the Act of May 29, 1907, P. L. 306. That act reads as follows: "That in all cases of appeal from the judgment of an alderman or justice of the peace, the said alderman or justice shall be entitled to demand and receive from the appellant the costs in the case, before making and delivery of the tran-

scripts for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party the costs so as aforesaid paid on appeal: Provided, however, That if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal."

In Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513, Judge Keller said: "By the Act of May 29, 1907, P. L. 306, two methods of appeal were open to the defendant. It might pay the costs and give bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that might be legally recovered in such case against the appellant, in accordance with the provisions of the Act of March 20, 1845, P. L. 188, or it might give good and sufficient bail absolute for the payment of debt, interest and costs that had accrued and would accrue on affirmance of the judgment, in which event it would not be required to pay any costs before taking the appeal. Unfortunately for the defendant in this case, it adopted neither course. Had there been merely some defect in the form or execution of the recognizance or bond on appeal, under the practice since Means v. Trout, 16 S. & R. 349, it would have been the duty of the court below to give the appellant reasonable opportunity to perfect the recognizance or bond before striking off the appeal: Koenig v. Bauer, 57 Pa. 168; Kerr v. Martin, 122 Pa. 436; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. But the bond filed by the defendant was in substantial conformity with the requirements of the Act of March 20, 1845, P. L. 188. The defendant neglected, however, to pay the costs, which was necessary to perfect the appeal if bail for the payment of costs only was entered. This was an incura-

ble defect: Carr v. McGovern, 66 Pa. 457; and requires the striking off of the appeal: Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. The defendant, after electing one method of appeal, but failing to perfect it by not paying the costs accrued, could not later turn to the second method of appeal by changing the condition of the bond so as to cover the debt, interest and costs, under the guise of perfecting the recognizance." What is there quoted rules this case. It is not necessary to refer to the many opinions of the lower courts cited in the briefs of the learned counsel. The plaintiff should have noted that the bond in this case, although it uses the word "absolutely", does not contain the words "for the debt, interest and costs", and should have taken a rule to perfect the appeal. The proper practice is set forth in Lord & Drake v. Hodgson, 18 Dist. R. 72, the syllabus of which is as follows: "Where a defective recognizance, through the mistake of appellant's attorney, has been filed on an appeal from a justice of the peace, the practice is to enter a rule to perfect the appeal within a specified time, or, upon default, to dismiss; a rule to strike off should not be taken in the first instance." It is too late to attempt to perfect an appeal after the case has been decided by a jury. It is a familiar principle of law that the terms of a surety bond cannot be changed or altered to the injury of the surety. A surety is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor and is not to be extended by implication or inference beyond the fair scope of its terms. In Scranton Vitrified Brick & Tile Co. v. The Title Guaranty & Surety Co., 11 Lack. Jur. 136, it was held that as against a surety, the obligation of a bond given by a contractor cannot be enlarged by mere construction; and a bond to "pay all claims for work and labor", cannot be construed to include materials. Other authorities to the same effect might be cited. Two cases illustrate the strictness of the courts in confining their attention to the

bond. In one of them, Cambria Auto Co. v. Frischkorn, 54 Pa. Superior Ct. 268, the syllabus is: "Under the Act of May 29, 1907, P. L. 306, a justice of the peace has full power in granting an appeal to take good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment; and the fact that the defendant in the judgment has voluntarily paid the costs on taking the appeal will not relieve the surety on the bond from paying the debt and interest if the judgment is affirmed." The other, Meta v. Kramer, 110 Pa. Superior Ct. 132, is to the same effect under slightly different circumstances.

And now, September 17, 1934, the rule for judgment for want of a sufficient answer is discharged.