## Banks v. Jackson

*W. Justin Carter*, for plaintiff.
*Louis Gordon*, for defendant.

HARGEST, P. J., June 8, 1942.—This is a suit for slander. Plaintiff filed a statement, instead of a declaration. Defendant filed a motion for a more specific statement, instead of a bill of particulars, and the question is whether he is entitled to either.

The Practice Act of May 14, 1915, P. L. 483, specifically excludes from its operation "actions for libel and slander," which left the practice in libel and slander as it had theretofore existed.

The courts of common pleas were given power by the Acts of June 16, 1836, P. L. 784, and May 24, 1878, P. L. 135, to make rules for regulating practice and for expediting the determination of suits. We have no rule of court on the subject of pleadings in libel and slander. The common pleas courts differ as to whether a bill of particulars may be required in such actions.

In Doan v. Sellers, 2 Chester Co. 172, such a bill was demanded to name the persons in whose presence the slanders were uttered. It was refused.

In Wright v. Percells, 5 Dist. R. 158, "a more specific

statement" to name the parties to whom the slander was uttered was refused.

In Balliet v. Walters, 3 Northamp. 356, there was a rule of court which provided for a bill of particulars, and the court said:

"This order is made because the rule of court leaves us no discretion and not because we approve of applications for bills of particulars."

The subject has been thoroughly reviewed by Stewart, J., in Weidman v. Kunsman, 23 Dist. R. 336, in which it is pointed out that in the form books and the majority of the common pleas cases the more liberal attitude has been taken of allowing a bill of particulars as to the persons to whom, the time when, and the place where, the slanderous words were uttered.

In Fritchey v. The York Daily Publishing Co., 17 York 80, a bill of particulars was required as to the manner in which plaintiff suffered the "special damages" which he claimed and as to the persons who heard the slanderous words.

But in Weil v. R. G. Dun & Co., 2 Pa. C. C. 72, Archbald, J., in a libel suit, held that a bill of particulars as to the parties to whom the publication was made, where special damages were claimed, should be ordered, but said the matter was not clear and that "if no special damages are claimed, and publication only among subscribers alleged, a bill of particulars will not be ordered."

In Kelly v. Pennsylvania Co., 253 Pa. 553, 556, it was said:

"The requirement that a defendant in an action of trespass shall file a bill of particulars is unknown in common law practice in England or in this State, and it may be regarded as a rule of the common law that he cannot be called upon for such a bill."

But in Blucher v. News Co., 58 Pitts. 205, where there was a rule of court, defendant was required to file a bill of particulars.

And in Stell v. Moyer et al., 9 Dist. R. 516, under the rule of the Court of Cumberland County, it was held that defendant could not hide behind the plea of "not guilty", but must file a bill of particulars.

Notwithstanding the confusion in the cases and in the pleadings in this case, we are inclined to follow the case of Michael v. Williams, 16 W. N. C. 284, in which plaintiff was ordered to file a bill of particulars, and the court said:

"A bill of particulars is demandable whenever the generality of the pleadings is such that the opposite party, whether plaintiff or defendant, is not thereby apprised of the particulars of the cause of action or ground of defence so as to be able to make proper answer thereto, and so alleges upon oath to the Court. The right of the Court to order such bill is based on its inherent power to direct and control the proceedings so as to bring about a fair trial of the controversy."

So we shall treat the rule for a more specific statement as a rule for a bill of particulars and assume that defendant needs it properly to prepare his defense, although such allegation is not made in the application for the rule.

We do this out of the desire to bring about a fair trial of the controversy, and therefore do not predicate anything on the failure to observe the technical niceties of the pleadings.

Under all the authorities referred to, it appears that defendant is entitled to know at what times and places the slanderous words were spoken. Plaintiff alleges one time and one place "and at divers other times." If there were other times, that should be stated, otherwise plaintiff should be limited to the single utterances alleged. The allegation is that the slanderous words were uttered in the presence of four persons, who are named, "and divers other persons." If there are other persons known to plaintiff, defendant must be apprised of them, and, if not, the evidence must be limited to the four persons alleged.

646

Now, June 8, 1942, the rule for a more specific statement, treated as a rule for a bill of particulars, is hereby made absolute.