Egner *v.* McGinnis, Appellant.

Argued April 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel M. Rosenzweig,* for appellant.

*Edmund K. Trent,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY RENO, J., July 19, 1945:

Defendant, who has appealed from a judgment for plaintiff in an action of assumpsit instituted in the County Court of Allegheny County, makes the single contention that her motion for a new trial should have been granted on the ground that the court below erroneously permitted plaintiff to prove a portion of his damages by introducing into evidence two paragraphs of the statement of claim alleged not to have been sufficiently denied. The contention is without merit and the judgment must be affirmed.

Plaintiff's statement of claim alleged that on September 1, 1937, defendant, the owner of an automobile sales business trading under the style "McGinnis Motor Sales", acting through Ulmer V. McGinnis, her husband and agent, who was deceased at the time this action was begun, agreed to sell plaintiff a 1938 Hudson six-cylinder sedan with built-in radio, in consideration of a trade-in of plaintiff's old automobile and an additional cash payment. It was averred that the car was not delivered by defendant for over a year, and that Ulmer V. McGinnis, acting for defendant, eventually agreed to deliver to plaintiff a 1939 Hudson of comparable design when the new models were placed on the market, but that this agreement, together with an undertaking to repay a loan made by plaintiff to defendant, was never fulfilled. Plaintiff alleged in the twentieth paragraph of his statement of claim: "The 1939 Hudson automobiles were placed on the market not later than October 1, 1938"; and in the twenty-second paragraph: "The fair market value of said 1939 Hudson was $1,000.00." Defendant, after denying her ownership of McGinnis Motor Sales, answered the balance of plaintiff's allegations by a repeated paragraph containing a general denial and the averments that the transactions were within the exclusive knowledge of plaintiff and the deceased Ulmer V. McGinnis, and that defendant, after examining the records of McGinnis Motor Sales, was unable to ascertain the truth or falsity of the facts alleged by plaintiff, and demanded proof. The trial judge ruled that the answer was insufficient to place the allegations of plaintiff's twentieth and twenty-second paragraphs in issue, and permitted those paragraphs to be read into evidence as proof of plaintiff's damages attributable to the nondelivery of the 1939 Hudson.

Matters of practice in cases cognizable in the County Court of Allegheny County are regulated by the Act of May 5, 1911, P. L. 198, as amended, 17 PS §§621

et seq., which created that court, and are not governed by the general procedural provisions of the Practice Act of May 14, 1915, P. L. 483, as amended, 12 PS §§382 et seq., which by its terms (§1, 12 PS §382) is made applicable only to ". . . actions of assumpsit and trespass, . . . brought in any court of common pleas, or in any other court or subordinate court and appealed to said court of common pleas . . ." The Act of 1911 expressly provides (§7, 17 PS §628): "The procedure in said [county] court in all civil actions shall be substantially . . ." that outlined in the statute. See *Gottschall v. Campbell*, 234 Pa. 347, 360, 83 A. 286; *Desantis v. Campbell*, 68 Pa. Superior Ct. 495. The point was neither raised nor considered by the court in *Meta v. Kramer*, 110 Pa. Superior Ct. 132, 167 A. 641.

Section 7 (c) of the Act of 1911, 17 PS §630, after making provision for the filing of answers by defendants and the taking of judgment in default of an answer, continues: "If an answer be filed as aforesaid, all material averments of plaintiff's statement which are not denied by the answer shall be deemed and taken to be true." Section 15 of the Act, 17 PS §647, confers a broad ". . . power to establish rules for the conduct of business of the court, and from time to time alter and change the same; but no rule shall require the parties to file written pleadings other than as required by the provisions of this act . . ." Acting under the authority, the County Court promulgated §7 of its Rule 6, in the language of §8 of the Practice Act of 1915 as amended by Act of April 22, 1929, P. L. 627, §1, and Act of June 12, 1931, P. L. 557, §1, as follows: "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, . . . but each party shall answer specifically each allegation of fact of which he does not admit the truth, . . . Provided, however, That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether

or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party. . . ."[1] The validity of the rule was not challenged in the court below and was not argued here, and hence we are not called upon to express an opinion, and we do not do so, on whether the rule represents an abortive attempt to require litigants "to file written pleadings other than as required by the provisions of" the Act of 1911,[2] or whether it is a mere permissible regulation of the manner in which the answers provided for in the statute must be filed and the form which they are required to assume. Cf. *Standard Underground Cable Co. v. Johnstown Telephone Co.*, 26 Pa. Superior Ct. 432.

Assuming the rule to be a proper exercise of the court's authority, the cases construing §8 of the Practice Act of 1915, as it stood prior to the 1935 amendment, which is the basis for the rule, conclusively demonstrate that defendant did not sufficiently answer plaintiff's allegations that 1939 Hudson automobiles went on the market not later than October 1, 1938, and that the fair market value of the type of car which defendant should have delivered to plaintiff was $1000. If the affidavit be construed as an attempt by defendant to excuse her lack of knowledge of the correctness of the facts averred by showing she made a reasonable investigation, she has

---

[1] The rule was not modified by the Court after the enactment of the Act of July 12, 1935, P. L. 666, 12 PS §390, further amending §8 of the Practice Act of 1915.

[2] See *Equipment Corp. of America v. Primos Vanadium Co.*, 285 Pa. 432, 132 A. 360; *Kelly v. Pennsylvania Co.*, 253 Pa. 553, 98 A. 767; *Nawocki v. Skaziak*, 88 Pa. Superior Ct. 100; *Smith v. Wertheimer*, 76 Pa. Superior Ct. 210; *South Pittsburgh Water Co. v. Winterberger*, 75 Pa. Superior Ct. 150.

failed, as there was omitted the necessary allegation that the investigation made by her was a reasonable one. *Goodbody v. Margiotti*, 323 Pa. 529, 187 A. 425; *James Talcott, Inc., v. Levy*, 123 Pa. Superior Ct. 94, 186 A. 251. Furthermore, prior to 1935, it was required that defendant describe the nature of the investigation undertaken and it was for the court to determine whether the measures pursued amounted to reasonable efforts to ascertain the truth of plaintiff's averments. *Bank of America National Trust & Savings Assn. v. Sunseri*, 311 Pa. 114, 166 A. 573. Clearly, the burden of making a reasonable attempt to determine when 1939 Hudson automobiles were available to the public, and what was the market price of a particular model, is not discharged by a mere examination of the records of a single sales agency. See *Gordon v. Mohawk Bond & Mortgage Co.*, 317 Pa. 257, 176 A. 422; *McCosh v. Wax*, 82 Pa. Superior Ct. 165; *Polish Union of the United States of America v. Pennsylvania Bank and Trust Co. of Wilkes-Barre*, 80 Pa. Superior Ct. 542; *Eberbach v. Clyde Steamship Co.*, 74 Pa. Superior Ct. 79. Defendant's assertion that the truth of the allegations now material was within the exclusive knowledge of plaintiff and Ulmer V. McGinnis is equally unavailing, as it is patently erroneous, and the courts are not required to give credence to a perfunctory affidavit which in the nature of the case cannot possibly be correct. *Bank of America National Trust & Savings Assn. v. Sunseri*, supra. "Where the matters which are alleged by the plaintiff are such as could well be learned by inquiring in proper quarters by the defendant, he cannot be allowed to make what would be nothing more than formal denials to put the plaintiff on proof": *Loughney v. Huntsman Construction Co.*, 252 Pa. 131, 134, 97 A. 179.

Judgment affirmed.