[Rush's Adm'r *v.* Turner.]

## Abraham Dubois, administrator *de bonis non* of Joseph Rush, jun. deceased *against* Thomas Turner, surviving partner of John Wright Stanley, deceased.

Supreme Court possess the incidental power of making rules to regulate their practice, independently of the act of 25th September 1786; but modified their 64th rule, and rendered the certificate of the defendants' counsel unnecessary to the obtaining a rule for a special jury.

MR. LEWIS, for the defendant, questioned the legality of the 64th rule of practice of this court, made on the 30th December 1797, requiring the certificate of counsel to be subjoined to the affidavit of the defendant, before he shall be entitled to a special jury. The act of 19th March 1785, (2 Dall. St. Laws *267, § 17,) directs, that either the plaintiff or defendant shall lawfully enter a rule for a special jury, in any civil action. And the act of 27th March 1789, § 3, (Ib. 691,) only makes a provision for the defendant's entry of the rule in the Supreme Court, or at *Nisi Prius;* that he shall make affidavit of having a just and legal defence against the plaintiff's demand, or against some part thereof, before a rule for trial by special jury shall be entered at his application, except in cases where the title to real estate shall be in question. The court by a reasonable construction of this last law, have a power of directing when such affidavit shall be made by the defendant ; which they have done accordingly by their 56th rule made on the 17th September 1791. But they cannot abridge the rights of individuals secured by positive laws. The court have the incidental power of making rules relating to their practice, which may be altered, dispensed with or relaxed on sufficient reasons, for the purpose of obtaining justice. 1 Bla. Rep. 264. 4 Burr. 2271. The act of 25th September 1786, § 6, (2 St. Laws 472,) vests them with full authority to establish such rules for regulating the practice, and expediting the determination of suits, as they in their discretion shall judge necessary ; but it is clear, that the legislature could not constitutionally devolve on any body of men their rights of legislation, as to the repealing the positive institutions of both branches of the government. The defendant here is lawfully entitled to a rule for a special jury, upon making the affidavit of defence required by the act of 1789. This has been complied with ; and it is presumed, that this court will not insist on the certificate of his counsel in addition thereto, but will modify their rule.

TILGHMAN, C. J. afterwards on the 28th March 1807, declared, that the court had modified the rule complained of, so far as to supersede the necessity of the certificate of counsel, previous to the defendant's obtaining a rule for a special jury. The court

necessarily possessed the incidental power of establishing rules for the regulation of its practice, independently of the act of 25th September 1786. There was no occasion of deciding here, how far the rule was compatible with the constitution.