## Wilson *against* Colwell.

A writ of error, which is taken in effect to an award of arbitrators in an amicable action, and not to a judgment of the court below, will not be sustained.

ERROR to the common pleas of *Alleghany* county.

The plaintiffs in error were plaintiffs below. It was agreed between the parties that an amicable action in case should be entered, and that all matters at variance should be referred to Walter Forward and W. W. Fetterman, Esquires, who, in case of disagreement, were to choose a third referee ; that the said referees should meet on ten days notice by either party ; that the said referees should, in their report, state the facts of the case ; that upon this report the prothonotary should enter judgment ; that either party should have the right to a writ of error on the said judgment, in the same manner as if a bill of exceptions had been taken and a verdict and judgment entered, if taken out within two months after report filed. The referees reported the facts, and made an award in favour of the defendant, which was accordingly entered by the prothonotary.

*M'Candless*, in support of the writ of error.
*Bradford* and *Colwell*, contra.

PER CURIAM.—This writ of error is taken, in effect, to the judgment of the arbitrators, and not to the judgment of the common pleas, which was entered, not even for form's sake, by the judges of that court, but by the prothonotary. We have before determined that a special award is not to be treated as a special verdict. If the facts be undisputed, state a case and take the actual judgment of the court below upon it ; if they are are not, have them found by a jury in the usual course. By this means a suitor may get into the court of the last resort with sufficient rapidity. We certainly will countenance no procedure which passes the door of the legitimate tribunal, and, in the garb of a writ of error, would give us original jurisdiction.

Writ of error quashed.