## Hatch *versus* Stitt.

A suit was brought against two defendants, one was returned not served, a general appearance was entered, the declaration was against the one served "interpleaded with" the others; some steps in the suit were as to "*defendants*" some as to "*defendant;*" the final one was "the defendants confess judgment. B. & S., attorneys for defendants." The court below refused, after hearing depositions, to vacate the judgment. *Held*, that the judgment was valid.

October 24th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Armstrong county:* No. 27, to October and November Term 1869.

To September Term 1864 a suit in assumpsit was commenced and entered on the record, with attorneys' names in the margin as follows :—

| "Boggs. | Samuel Stitt |
| Barclay & | *v.* |
| Smullen. | Joseph Zuver and D. P. Hatch, copartners and owners of Steamer Home." |

The sheriff returned : "8th August 1864, served on Joseph Zuver personally, and as to D. P. Hatch not found in my bailiwick."

On the 15th of August the plaintiff filed a bill of particulars, and declared that "Joseph Zuver, interpleaded with D. P. Hatch, lately owners of steamer Home, was summoned to answer Samuel Stitt, late of said county, yeoman, of a plea of trespass on the case," &c. * *  The body of the declaration sometimes used the word "defendant," and sometimes "defendants." The assumption was averred to be by the "defendant."

The bill of particulars was for labor on the steamer Home "for defendants.".

The docket entries afterwards are :—

"28th October 1864, judgment for want of an affidavit of defence against the defendant, Joseph Zuver, for $203.48 and costs.  1st December 1864, affidavit of defence filed by Joseph Zuver.  5th December 1864, defendant, Joseph Zuver, by his attorneys, Barclay & Smullen, moves the court to take off the judgment entered for want of an affidavit of defence.  20th December 1864, rule to take off the judgment made absolute. 2d January 1865, correction in the date of plaintiff's bill of particulars allowed.  2d January 1865, rule on part of plaintiff to choose arbitrators.  16th January 1865, arbitrators chosen.  18th July 1865, award of arbitrators filed finding for defendant for costs of suit.  6th August 1865, plaintiff appeals.  '26th December 1866, rule on defendant to plead.' "  "December 27th 1866, defendant pleads non assumpsit, payment and set-off with leave, &c.

[Hatch *v.* Stitt.]

Barclay & Smullen, attorneys for defendant." June 5th 1867, continued by consent. 6th July 1867, rule on part of plaintiff to take depositions. "16th September 1867, judgment confessed, per writing filed in following words: '16th September 1867, by consent of plaintiff and his attorney, the defendant confessed judgment for the sum of $259.35 and costs of suit. Barclay & Smullen, attorneys for defendants.'" 3d May 1868, rule on part of plaintiff to take depositions. 3d June 1868, on motion of Golden & Neale, attorneys for D. P. Hatch, rule to show cause why the judgment should not be vacated and set aside as to D. P. Hatch, &c., on affidavit filed. 7th August 1868, rule on part of D. P. Hatch to take depositions. 20th January 1869, rule to show cause discharged, and execution suspended for ten days."

The various papers filed in the case appear at large in the opinion of the Supreme Court.

Hatch's affidavit to vacate the judgment was :—

* * * "D. P. Hatch, being duly sworn, doth depose and say, that he was not aware that a suit had been brought against him in the Court of Common Pleas of Armstrong county by one Samuel Stitt; that the first intimation he had of the fact that a suit had been brought in the above recited No. and Term was a notice from the sheriff of Allegheny county; that he had received a *testatum fi. fa.* from Armstrong county, issued in the above case, at the instance of the plaintiff, Samuel Stitt, and a levy upon deponent's individual property; that he never had notice of said suit; that he never employed any attorney to act for him or confess judgment against him, or authorized any person whatever, at any time, to employ an attorney for or in his behalf to act for him; that instead of being indebted to the said Samuel Stitt in any sum of money whatever, individually or otherwise, the said Stitt is largely indebted to deponent, all of which he, deponent, is ready, willing and prepared to show and prove, on the judgment being opened and he permitted to make a defence. Stitt's indebtedness to deponent being for cash, &c. * * * And deponent asks that the writ be stayed as to his private property, &c., and judgment opened and deponent to make his defence, &c."

Hatch took a writ of error and assigned for error the refusal of the court to vacate the judgment and set aside the execution.

*E. S. Golden* (with whom was *J. B. Neale*), for plaintiff in error. —This procedure deprived Hatch of an opportunity for trial in due course of law to which he is entitled: Campbell *v.* Kent, 3 Penna. R. 77; Brown *v.* Hummell, 6 Barr 91. Zuver could not confess judgment to bind Hatch personally: Collyer on Partn., § 462; Harper *v.* Fox, 7 W. & S. 142; Bitzer *v.* Shunk, 1 Id. 340; Cash *v.* Tozer, Id. 519; York Bank's Appeal, 12 Casey 458. An unauthorized appearance for a party not served does

not bind him : Shelton *v.* Tiffin, 6 How. 163 ; Kimmel *v.* Kimmel, 5 S. & R. 294 ; Lyon *v.* Waldron, 13 Id. 165 ; King *v.* Bank of Gettysburg, 2 Rawle 198, and Compher *v.* Anawalt, 2 Watts 461. The appearance bound only the party declared against : Eardman *v.* Stahlnecker, 12 S. & R. 326 ; Blackwell *v.* Cameron, 10 Wright 236.

*J. Boggs*, for defendant in error, cited King *v.* Bank of Gettysburg, 2 Rawle 198. An appearance for all the defendants and a confession of judgment is a waiver, and is conclusive : Cyphert *v.* McCune, 10 Harris 195 ; Schober *v.* Mather, 12 Wright 22 ; Zion's Church *v.* St. Peter's Church, 5 W. & S. 217 ; Whitcombe *v.* Kephart, 11 Wright 89 ; Wilson *v.* Young, 9 Barr 101 ; Downing *v.* Lindsay, 2 Barr 282 ; Mosher *v.* Small, 5 Id. 221.

The opinion of the court was delivered, January 3d 1871, by
READ, J.—The suit as it was brought and stood upon the docket below, was "Samuel Stitt *v.* Joseph Zuver and D. P. Hatch, copartners and owners of Steamer Home."

In Jackson *v.* Stewart, 6 Johns. R. 37, the court said "the attempt of the defendant to question the authority of the attorney for the plaintiff, in bringing the suit, was also unavailing. It is the course of the K. B., said Ch. J. Holt, 1 Salk. 86, when an attorney takes upon himself to appear, to look no further, but to proceed as if the attorney had sufficient authority, and to leave the party to his action against him."

In Williams *v.* Noyes, 6 Johns. R. 296, an attorney of the court appeared for a defendant against whom a writ had been issued, but not served, and, without authority from the defendant, confessed a judgment in vacation. The judgment was held regular. "The mere fact of his appearance," said Ch. J. Kent, "is always deemed enough for the opposite party and for the court."

In McCullough *v.* Guetner, 1 Binney 214, the summons was issued against two McCulloughs, and it was returned *served* as to *George*, and *nihil habet* as to *Robert*. Mr. Irvine, an attorney, entered his name on the docket without restriction, opposite to the names of the defendants, and he afterwards signed as their attorney, an agreement in which the action was entitled against both defendants, and which referred to certain persons, all matters in dispute in the *above cause*. The referees awarded in favor of the plaintiff, and judgment was entered upon the award. The court said, " the judgment below must be affirmed, because it sufficiently appears that the attorney appeared for both defendants."

So in Scott & Combes *v.* Israel, 2 Binney 145, the error assigned was that one of the defendants, Combes, had not been summoned, and in fact never appeared or pleaded, but Armstrong, an attor-

[Hatch v. Stitt.]

ney of the Common Pleas, entered his name on the docket opposite the names of both defendants, and put in the plea of property in the short way.

The court said, " We have no doubt in this case. The attorney having marked his name generally, and in no part of the record having declared that he appeared for one in particular, must be presumed to have appeared for both, and the plea entered in this short way, must be referred to the appearance, and be considered as a plea for both. As to the defendant's being summoned, it is not material, he may appear without summons."

In Flanigan v. The City of Philadelphia, 1 P. F. Smith 491, the amicable action and confession of judgment were signed only by the counsel of the plaintiff and the counsel of the defendant. Judge Agnew said, " the amicable action and confession of judgment, is according to ancient and established practice existing before the Act of 1806, as well as since, and recognised in Cook v. Gilbert, 8 S. & R. 567, and McCalmont v. Peters, 13 Id. 196."

In Bunce v. Wightman, 5 Casey 335, it was held after a judgment has been entered by confession, an application to open it, is to be determined by the court below on a view of the evidence exhibited on the hearing, and " that the decision of the court of original jurisdiction, upon an application to open one of its own judgments, is not the subject of review on a writ of error." The same doctrine is enunciated in Henry v. Brothers, 12 Wright 70, and in Riegel v. Wilson, 10 P. F. Smith 388–394. The return of the sheriff was " 8th August 1864 served on Joseph Zuver personally, as to D. P. Hatch, not found in my bailiwick." On the 15th August a narr. was filed, Joseph Zuver interpleaded with D. P. Hatch, &c., with a bill of particulars for " two months' work and labor on steamer Home for defendants," &c.

On the 28th October, judgment for want of an affidavit of defence against the defendant Joseph Zuver, for $203.48 and costs. 1st December 1864, affidavit of defence filed by Joseph Zuver, December 5th 1864, defendant Joseph Zuver, by his attorneys Barclay & Smullen, moves the court to take off the judgment, entered for want of an affidavit of defence, which, on the 20th December, was made absolute. The copy of the motion as filed of record is, " the defendant by his attorneys, moves the court for rule to show cause why the judgment in said case should not be stricken off. Barclay & Smullen, attorneys for defendants."

The appearance of Barclay & Smullen is without date and opposite the names of both defendants, without any restriction or limitation.

2d January 1865, correction in the date of plaintiff's bill of particulars allowed, and rule on part of plaintiff to choose arbitrators, and the following is a copy of the paper filed.

[Hatch *v.* Stitt.]

Samuel Stitt *v.* Joseph Zuver & D. P. Hatch, copartners and owners of steamboat Home.

2d January 1865.

The plaintiff files his determination to have all matters in variance between the parties to this cause, submitted to arbitrators to be chosen at the prothonotary's office, on Monday, the 16th day of January, between the hours of 10 o'clock A. M., and 3 o'clock P. M., J. Boggs, plaintiff's attorney. On the 16th January 1865, the attorneys of the parties choose as arbitrators, W. W. Hastings, J. O. Barrett and Ephraim Buffington, to meet at the court-house on Tuesday, 28th February 1865, at 1 o'clock P. M. Rule to be served on party or attorneys of defendants.

J. Boggs, plaintiff's attorney.

Barclay & Smullen, attorneys for defendants.

18th July 1865, award of arbitrators filed, finding for defendants, and the following is a copy of the award, " 17th July 1865, arbitrators having met in pursuance of the rule and after being duly sworn on the 18th of July 1865, and having heard the evidence and allegations of the parties, do award in favor of the defendants; and on the 6th August 1865, the plaintiff appeals, and after other proceedings there is the following entry on the record, " and now, to wit, 16th September 1867, by consent of plaintiff and his attorney, the defendants confess judgment for the sum of $259.35. Vide paper filed," which is in these words :

" Samuel Stitt *v.* Joseph Zuver & D. P. Hatch, copartners and owners of steamboat Home."

In the Common Pleas of Armstrong county, No. 55, September Term 1864.

" And, to wit, 16th September 1867, by consent of plaintiff and his attorney, the defendants confess judgment for the sum of $259.35, and costs of suit. Barclay & Smullen, attorneys for defendants."

On the 3d June 1868, the court granted a rule to show cause why the judgment should not be vacated and set aside as to D. P. Hatch, which, on the 20th January 1869, was discharged.

This decision, as we have seen, we have no power to re-examine, and the only ground that can be taken by the plaintiff in error, is that it is entirely void.

The appearance is general by two regular attorneys of the Armstrong county bar, and is for both defendants. The rule of reference taken out by the plaintiff, names both defendants, and the arbitrators were chosen by the attorneys of the plaintiff and of the two defendants, and the arbitrators having heard the evidence and allegations of the parties (that is, of the plaintiff, and two defendants), awarded in favor of the defendants, and the judgment finally confessed, was by the attorneys of the two defendants.

[Hatch v. Stitt.]

This is, therefore, a perfectly valid judgment, and such was the opinion of the court below, after a full hearing of the motion on its merits, but which we cannot re-examine.

Judgment affirmed.

THOMPSON, C. J., and AGNEW, J., dissented.