432 TRACTION CO. et al. *v.* PHILA., ETC., R. R., Appellant.

Syllabus—Statement of Facts. [180 Pa.

The Chester Traction Company and The Union Railway Company *v.* The Philadelphia, Wilmington and Baltimore Railroad Company, Appellant.

*Practice—Equity—Equity rules—Trial in equity cases.*

A rule of the common pleas providing that in all equity cases at issue on bill and answer the testimony shall be taken by depositions is in violation of the equity rules adopted by the Supreme Court on January 15, 1894, and is invalid.

Where an equity case has been tried by depositions in violation of the equity rules of January 15, 1894, the Supreme Court will, upon appeal, set aside the decree, together with all proceedings in the cause after the case was put at issue, except such as relate to the testimony of sick, aged, absent and way-going witnesses, and will direct that each party shall pay its own costs made since the cause was at issue.

Argued Feb. 10, 1897. Appeal, No. 588, Jan. T., 1896, by defendant, from decree of C. P. Delaware Co., March T., 1896, No. 5, on bill in equity. Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ. Decree set aside.

Bill in equity to regulate the crossing of a railroad by a street railway.

From the record it appeared that the testimony in the case was taken by depositions, in compliance with the following rule of court, adopted on May 4, 1896, by the court of common pleas of Delaware county:

" Whereas, by the amended equity rules the testimony in equity cases shall be taken in the same manner as is now practiced in courts of law;

" And whereas, by reason of the increase of the business of this court, it is impossible for the judge to hear at bar the witnesses in cases where no jury trials are required, for which reason the practice of this court has been to require all testimony, in such cases to be taken by depositions on rule and notice;

" And whereas, the great number of equity cases in this district renders it impossible for the judge to personally hear the testimony without causing great delay in the general administration of the business of the court;

"It is therefore ordered that all motions to continue special injunctions shall be supported by testimony taken by depositions on short rule and notice allowed by the judge before any officer duly authorized to administer oaths, etc.

"In all cases at issue on bill and answer the testimony shall be taken by depositions as at law, before any officer duly authorized to administer oaths, within thirty days from the service of the rule. When such cases are ready for hearing on bill, answer and proof they shall be placed on the current monthly list and be disposed of as other cases when reached. Either party may except to any part of the testimony so taken by deposition, and have a bill of exceptions to the ruling of the court, when the said depositions are read.

"Either party may move the court for a master to examine and strike out impertinent and irrelevant testimony at the cost of the party in producing said testimony, including the master's fee, to be allowed by the court. When, however, a case is referred to a master for such causes, and the testimony is found to be relevant and not impertinent, the cost, including the master's fee, shall be paid by the party procuring the reference.

"The above rule shall not apply to cases where the parties agree to submit the case to a referee."

The case was tried upon the depositions, and CLAYTON, P. J. filed an opinion setting forth findings of fact and conclusions of law. A decree was entered prescribing in detail the manner in which the crossing should be made.

*Errors assigned* among others were (15) the decree of the court, quoting it; (16) in compelling, notwithstanding the protest of the defendant, the taking of the evidence by depositions, and in not trying the case in accordance with the rules adopted by the Supreme Court, January 15, 1894.

*J. B. Hannum,* for appellant.

*W. B. Broomall,* for appellees.

OPINION BY MR. JUSTICE WILLIAMS, March 22, 1897 :

This is a proceeding to obtain a decree allowing the plaintiff companies to cross the defendant's railway at grade in the city of Chester, and is one of considerable consequence both to the

434 TRACTION CO. et al. *v.* PHILA., ETC., R. R., Appellant.

Opinion of the Court. [180 Pa.

parties and to the general public. It is a matter of sincere regret to the members of this court that it cannot be finally disposed of at this time. We are however unanimous in the opinion that we cannot recognize the decree made in the court below as having any validity whatever. It was entered as the result of a course of procedure which since the adoption of the equity rules of January 15, 1894, is not only unauthorized, but is in flat disregard of the orders of this court. The act of June 16, 1836, gave this court the power to make rules regulating procedure in all the subordinate courts of the commonwealth. Sec. 6 of the same act made it the duty of the president judge of the courts affected thereby "to cause the same to be published in open court and be recorded with the rules of court," and declared that three months thereafter, "the same shall be deemed to be obligatory and in full effect." Through some inadvertence the rules adopted by this court regulating proceedings in equity causes on January 15, 1894, were not so treated in the court of common pleas of Delaware country. On the contrary, an additional rule of that court was prepared and adopted by it which, after a flourish of preambles reciting that the rules prescribed by this court in the interest of suitors and the public are not convenient to the court of common pleas of Delaware county, proceeds to declare that in certain important particulars it will not obey them; and that if parties desire the benefit of such rules they must take their causes out of court and submit them to a referee. This rule adopted on May 4, 1896, the learned judge enforced in this case, in the face of a respectful and dignified protest by the counsel for the plaintiffs. The result is that no trial in equity has been had in the case. The so-called decree is a nullity. We cannot recognize it as having any validity whatever, but must set it aside. We can readily understand that the rule of May 4, 1896, may have been passed and adopted by inadvertence; it is none the less in open disregard of our rules of January 15, 1894, and in so far is absolutely void. If the several courts of this commonwealth are to obey the rules and orders of this court only when it suits their own convenience to do so, and are to write into their own records their deliberate purpose to disobey them at their pleasure, then the administrators of the law will become its worst enemies. It affords us pleasure, however, to say that the courts

have promptly conformed their practice to the rules of January 15, 1894, and that, from a large majority of the judges and active practitioners in the state, words of warm commendation of the changes introduced thereby are constantly coming to our attention. It is not however a question of the wisdom of these rules, but of their authority, and upon that question there is no room for doubt.

The decree and proceedings had in this cause under the rule of the said court adopted May 4, 1896, are now set aside, and the record remitted to the court below with direction that all proceedings hereafter taken shall be in accordance with the equity rules adopted by this court.

The depositions of sick, aged, absent or away-going witnesses taken as such, will not be affected by this order. Either party might have applied to us for a mandamus in this case, but neither chose to do so. We therefore direct that each party pay its own costs incurred since the case was put at issue, and that the costs made prior thereto abide the further order of the court to be made on final hearing.

*J. B. Hannum*, for appellant.

*W. B. Broomall*, for appellees.