# Pettit v. Clever, Appellant.

*Appeals—Judgment—Quashing appeal—Mortgage.*

No appeal lies from a judgment entered by the prothonotary as a matter of course with no order or intervention by the court. If the judgment is improperly entered, relief from it must be asked from the court in which it is entered, and if the court denies such relief, an appeal may then be taken.

Argued Oct. .29, 1907.   Appeals, Nos. 30 and 49, Oct. T., 1907, by defendant, from entry of judgments in C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 342, and No. 3, Feb. T., 1907, No. 269, in cases of Clarence Pettit et al., Executors of Adaline Marshall, deceased, v. Robert F. Clever.   Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ.   Appeal quashed.

Entry of judgment on bond accompanying mortgage.
Entry of judgment on return of two nihils.
The opinion of the Supreme Court states the case.

*Error assigned* various reasons for holding the judgments irregular and erroneous.

*Robert F. Clever*, for appellant.

*John W. Chalfant, Jr.*, with him *John C. Slack* and *Charles Hoopes*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 6, 1908 :

A sci. fa. sur mortgage, in which this appellant was mortgagor, was issued out of the court of common pleas, No. 2, of Allegheny county, and, on December 14, 1906, upon two nihil returns, judgment was entered against him in default of an appearance.   Without asking the court below for relief from this judgment, he appealed directly to this court on December 20, 1906, and has filed what he terms " specifications of error."   They are nine in number, and each one is but an allegation that the judgment is " irregular and erroneous," for reasons stated.   On January 18, 1907, judgment was entered against the appellant in the court of common pleas, No. 3, of the same county, on his judgment bond accompanying the mortgage.   He pursued the same course as to this judgment, and, on his appeal from it, alleges in what he again terms, " specifications of error," that it is " irregular and erroneous," and that the entry of it was " an attempt to circumvent and render useless " his former appeal.

Appeals are taken that errors alleged to have been committed by a court below may be properly assigned and corrected,

if found to have been committed, but when the court below has done nothing, there is nothing to be corrected. This is the situation here. Nothing was done by either court, and nothing is assigned as error by either. Each of the judgments was entered by the prothonotary, as a matter of course, with no order or intervention by the court. If either was improperly entered, and is, as alleged, irregular and erroneous, relief from it ought to have been asked from the court in which it was entered, and, from the action of that court, if the relief asked for had been denied, an appeal would have lain. By these appeals we are asked to assume original jurisdiction. Counsel for appellee have not asked us to quash them, but we must do so of our own motion. " We certainly will countenance no procedure which passes the bar of the legitimate tribunal, and, in the garb of a writ of error, would give us original jurisdiction : " Wilson v. Colwell, 3 Watts, 212.

Appeals quashed.