## Bierly to use, Appellant, *v.* Hamor.

*Judgment—Entry of judgment upon warrant twenty years old—Rule of court—Rule on maker of note—Service of rule.*

1. A rule of court which provides that if a warrant of attorney to confess judgment be above twenty years old "there must be a rule to show cause and that must be served upon the party if he is to be found within the State," is a valid rule.

2. Where a rule to show cause is taken on a judgment note more than twenty years old, and the party taking it, instead of serving it himself, gives it to the sheriff for service, and the sheriff returns that the defendant cannot be found in the county and that therefore the rule is returned non est inventus, the court will not make a further order directing the sheriff to make further inquiry and examination as to the residence or nonresidence of the defendant in Pennsylvania; nor will the court permit judgment to be entered on a petition that the deponent has no knowledge that the defendant is a resident of Pennsylvania and thinks that he is not and that he is "living in the west as deponent was informed."

Argued Feb. 28, 1912. Appeal, No. 6, Feb. T., 1912, by

plaintiff, from order of C. P. Clinton Co., Jan. T., 1910, No. 30, discharging rule to show cause why judgment should not be entered on a judgment note in case of J. H. Bierly to use of C. E. Barner v. Hamor & Kuntz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to show cause. Before HALL, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging the rule.

*C. S. McCormick,* for appellant, cited: Hotchkiss v. Johnson, 13 Pa. Dist. Rep. 768; Henry v. Fawrest, 10 W. N. C. 571; Person v. Weston, 1 Kulp, 387; Morris v. Hannick, 10 Phila. 571; Wesner v. Stein, 97 Pa. 322; Spang v. Deilber, 1 Pa. C. C. Rep. 670.

No printed brief for appellee.

PER CURIAM, May 13, 1912:
This appeal grew out of the plaintiff's application, presented on July 19, 1909, to have judgment entered against the defendants upon a promissory note under seal with confession of judgment dated December 11, 1888, and payable one year after date. The rule of the court below relating to the matter provides as follows: "If a warrant of attorney, or a written power to confess judgment, be above ten and under twenty years old, the court in term time, or a judge in vacation, must be moved for leave to enter judgment, which motion must be founded upon an affidavit of the due execution of the warrant or written power, and that the money is unpaid, and the parties living. But if the warrant or written power be above twenty years old, there must be a rule to show cause, and that must be served upon the party, if he is to be found within the state." The validity of such a rule of court has been recognized throughout the com-

monwealth from early times and we think is beyond question. Upon presentation of the foregoing application the court granted a rule to show cause, as provided by the court rule, and upon a certified copy of the former the sheriff indorsed the following: "The defendant cannot be found in Clinton County, and therefore return this writ non est inventus." After this return was made the plaintiff presented a petition for a rule on the sheriff requiring him to make such inquiry and examination as to the court might seem requisite as to the residence or non-residence of the defendants in the state of Pennsylvania. The first assignment of error relates to the refusal of this petition, the court saying: "We have neither the power nor the disposition to require him to make a search of the whole state of Pennsylvania." It will be noticed that the court rule does not provide that the rule to show cause shall be served by the sheriff. Therefore, it is not necessary in the present instance. In other words, the court rule could be complied with without putting the rule to show cause in the hands of the sheriff for service. For this reason, if for no other, the court committed no error in refusing to make the order prayed for.

The second assignment of error relates to the refusal of the plaintiff's petition, which was presented after the foregoing action of the court, to direct entry of judgment under the warrant contained in the note, the plaintiff's contention being that he had done all he could do in order to comply with the court rule. This contention is not sustained. It was incumbent on the plaintiff to have the rule to show cause served on the defendants if they were to be found within the state. Obviously, the so-called return of the sheriff, does not show that they could not be found within the state, therefore, the case rests on allegations of the original petition that "the deponent has no knowledge now that they are residents of Pennsylvania and thinks they are not," and that "the parties are living in the west as deponent is informed." The petition is silent as to the sources of the plaintiff's in-

formation and the grounds of his belief as well as to the investigation he had made and as to the place in the west where he believes the defendants do reside. We cannot say that the court erred in holding that these vague and uncertain allegations were insufficient to excuse the plaintiff from serving the rule to show cause.

The assignments of error are overruled and the order is affirmed.