# Wood *v.* Harlan, Appellant.

*Amicable action—Framed issues—Appeals—Right to appeal— Premature appeal—Final judgments.*

An amicable lawsuit is one instituted in a court of justice seriously, but in a friendly spirit, in order that some matter in controversy may, by a judicial decree, be settled definitely, as cheaply, and with as little delay as possible.

Appeals are allowed by statute, and the parties cannot confer appellate jurisdiction by agreement.   Unless statutes provide for appeals from interlocutory judgments, appeals may be taken only from final judgments, which, generally speaking, are such as end the litigation.

While the parties may, by agreement, properly frame, in one issue three questions for the determination of which, at one time,

there is no action provided in Pennsylvania, there is, in such case, no right of appeal until the final adjudication, when the entire controversy is determined.

An appeal from a judgment, on part of an issue framed, is premature, and will be quashed.

Argued November 22, 1921. Appeal, No. 229, Oct. T., 1921, by defendant, from judgment of C. P. Delaware County, Sept. T., 1915, No. 136, for plaintiff non obstante veredicto in the case of Thomas D. Wood v. Susan Harlan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Amicable action to determine ownership of land and character and extent of easements. Before HAUSE, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant, and subsequently judgment was entered for plaintiff non obstante veredicto. Defendant appealed.

*Errors assigned,* inter alia, were refusal to direct the entry of judgment on the verdict, and in directing judgment to be entered n. o. v.

*V. Gilpin Robinson,* and with him *William Taylor,* for appellant.—The court erred in entering judgment for plaintiff n. o. v., because there was a conflict of evidence, and the court would not have been warranted in giving binding instructions: Duffy v. York Haven Water & Power Co., 233 Pa. 107; Page v. Moore, 235 Pa. 161.

Vendees under sheriffs shall not be put to the same proof in ejectment, as in common cases where the debtor has been in possession, the onus probandi shall lie in the adverse party: Bowman v. Fry, 1 Yeates 21; Dougherty v. Welshans, 233 Pa. 130; Carter v. Ridge Turnpike Co., 22 Pa. Superior Ct. 162; 208 Pa. 565.

*Clement B. Wood,* and with him *W. Roger Fronefield* and *Morgan, Lewis & Bockius,* for appellee.—Clearly, the trial judge was correct in deciding there was no evidence sufficient to allow the jury to find continuous and exclusive adverse possession for twenty-one years: Johns v. Johns, 244 Pa. 48; Pierce v. Barney, 209 Pa. 132; Stephens v. Leach, 19 Pa. 262.

OPINION BY LINN, J., December 15, 1921:

Appellant and appellee each claimed to own in fee a certain strip of land, each conceding to the other an easement therein. They brought this amicable action in ejectment, first, to determine which party owned the fee, and second, to define the easement therein appurtenant to the land of the other. After describing the land and providing for filing abstracts of title and other matters according to the Act of May 8, 1901, P. L. 142, the issue framed by the court contains three provisions:

(1) the ownership of the land shall be determined by jury trial;

(2) if the trial determines Wood owns the fee, the court without a jury shall then determine "as separate and further issues" what, for present purposes, may generally be described as the character and extent of defendant's enjoyment of the easement in the servient tenement; in the alternative, it was provided that if the jury trial determines Wood does not own the fee, the court without a jury shall determine his rights in the easement;

(3) pending the determination of those disputed matters, defendant, without prejudice, may enjoy specified privileges in the land and "if it shall be finally determined that Thomas D. Wood owns the fee" subject to the easement, defendant will restore it, etc., "within ninety days after such final decision." In the paragraph containing the first provision referred to, each party reserves the right to appeal "from the final judgment,"

and a similar reservation is made concerning the second matter stated.

Only the first part of the issue has been tried. The jury rendered a verdict for defendant. On plaintiff's motion, the court entered judgment n. o. v. After re-argument at defendant's request, the judgment was modified by the court to read as follows: "In view of the stipulations in the amicable action under which the question here involved was tried by a jury, the judgment entered for plaintiff notwithstanding the verdict is subject, however, to defendant's right to have determined the extent of her conceded privilege to use the strip of land in controversy and with this modification the judgment heretofore entered shall remain." This appeal is from that judgment, determining as we have said, only part of the issue stated in the amicable action; there still remain for determination the limitations and character of the enjoyment by the defendant of her easement over Wood's land as specified in the issue.

In Pennsylvania the law furnishes no action to determine in one suit all the issues which plaintiff and defendant desired tried; they therefore supplied that deficiency by instituting this amicable action to settle their disputes concerning the easement in one suit. "An amicable lawsuit is one instituted in a court of justice seriously, but in a friendly spirit, in order that some matter in controversy may, by a judicial decree, be settled definitely, as cheaply, and with as little delay as possible": Thompson v. Moulton, 20 La. Ann. 535, 537; see too Lord v. Veazie, 8 How. 251, 255. Amicable actions are expressly authorized by section 40 of the Act of June 13, 1836, P. L. 579, though they were used long before in this State. While the parties twice reserved the right of appeal, once after providing for a jury trial to determine who owned the land, and again after the provision for trial without a jury to determine the extent of the enjoyment of the easement, they must be understood to have intended what the law permits, and that is an

appeal after final judgment on the issues raised for trial. For, while parties to an amicable action may (and usually do) agree that there shall be no appeal, they may not have appeals at uncompleted stages of the proceeding as often as they may so agree, because they cannot confer such appellate jurisdiction by agreement: West's App., 3 S. & R. 82; McKee v. Sanford, 25 Pa. 105; Watkins v. Hughes, 206 Pa. 526. Appeals are allowed by statute, and unless statutes provide for appeals from interlocutory judgments, appeals may be taken only from final judgments, which, generally speaking, are such as end the litigation. Here only part of the controversy has been tried. Until the court below determines "the extent of defendant's conceded privilege to use the strip of land in controversy" as stated in the order appealed from, there can be no such final judgment.

In appellant's reply brief we read that "Counsel for the appellant have very serious doubts whether this appeal is not premature. There can be no final adjudication in this case until defendant's rights are finally determined. A rule is now pending and undetermined in the court below to settle this right. Until appellant's rights are finally determined there is no final decree or judgment."

The appeal is quashed.