# Equipment Corporation of America *v*. Primos Vanadium Co.

*Rules of court—Power to make rules—Act of June 16, 1836, P. L. 784.*

1. A court of record independent of any grant by act of assembly, has an inherent power to make rules for the transaction of its business, but such rules must not be contrary to law or unreasonable.

2. A rule which would require a party to do something which the legislature intended should not be required of him, or which would permit him to omit something which the legislature has required, would be void.

3. Where a mode of procedure or practice is prescribed by statute, a different rule prescribed by rule of court, is void.

4. A court cannot divest itself by rule of a duty which is placed upon it by law.

5. The Act of June 16, 1836, P. L. 784, providing that courts shall have rule-making power, granted no new power, and was simply declaratory of the law as it stood before its passage.

*Rules of court—Illegal rules—Entering judgment on confession and warrant in leases—Rule of court requiring preliminary rule to show cause—Acts of June 13, 1836, P. L. 568, and April 14, 1854, P. L. 333.*

6. The right to enter judgment of ejectment on a confession and warrant in a lease recognized by the Acts of June 13, 1836, P. L. 568, and April 14, 1834, P. L. 333, and established as a right independent of statute, cannot be defeated by a rule of court which denies the statutory right, in such case, to enter the action without leave of court, and which forbids the prothonotary to do so, except with the court's sanction.

7. To uphold such a rule of court would lead to great and unreasonable delay.

8. Rules of court as to entry of judgments by confession which are more than ten or twenty years old, are sustained by reason of the age of the document and the presumption of payment.

*Certiorari—Special certiorari—Mandamus.*

9. Special certioraris to the courts below are not to be encouraged, where an appropriate remedy such as mandamus is afforded.

Argued January 12, 1926. Certiorari, No. 144, Jan. T., 1926, by plaintiff, to bring up record of C. P. Delaware Co., June T., 1924, No. 1946 in case of Equipment Corporation of America v. Primos Vanadium Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Proceedings in court below set aside.

Special certiorari.
The opinion of the Supreme Court states the facts.

*Error assigned* was order by JOHNSON, P. J., refusing judgment and granting jury trial.

*Paul Reilly,* with him *George T. Butler,* for petitioner. —The courts of Pennsylvania have uniformly held rules such as that of the lower court in question to be invalid: Kelly v. Pennsylvania Co., 253 Pa. 553; Marlin v. Waters, 127 Pa. 177; Reist v. Heilbrenner, 11 S. & R. 131; Manchester v. Addy, 23 Pa. Dist. R. 854; Lutz v. Heasley, 12 Pa. Dist. R. 139.

*Thomas Francis Gain,* with him *Charles McVeigh Willits, William C. Alexander* and *Brown & Williams,* for respondent.—A rule or order of court, regulating the entry of judgment in amicable actions of ejectment, is not in contravention of the act of assembly permitting the entering into of a written agreement for that purpose: Stedman v. Poterie, 139 Pa. 100; Road in Hampton Twp., 72 Pa. Superior Ct. 484; Bierly v. Hamor, 50 Pa. Superior Ct. 124; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Lowenstein v. Michael, 55 Pa. Superior Ct. 628; Standard Cable Co. v. Telephone Co., 26 Pa. Superior Ct. 432.

OPINION BY MR. JUSTICE SCHAFFER, February 8, 1926:
This proceeding involves the validity of a rule or order of the Court of Common Pleas of Delaware County

(filed at September Term, 1918, No. 124), which is phrased thus:

"In re Order of Court.

"In re,—Entering Judgments on Amicable Actions in Ejectment upon Leases Authorizing Confession of Judgment by default for violation of covenants in leases or expiration of term.

"Order.

"And now, to wit, October 3, 1918, Until further order of Court no judgment shall be entered by the Prothonotary in above cases, without a previous rule to show cause and order of Court."

Plaintiff, the Equipment Corporation of America, was the lessor in a written lease to defendant, the Primos Vanadium Company. The lease provided that if the rent should at any time be in arrears and unpaid the tenancy should be terminated, with the usual clause authorizing any attorney, as attorney for the lessee, at the request of the lessor, to sign an agreement for entering an amicable action and judgment in ejectment against the lessee for the recovery by the lessor of possession of the premises. The rent being in arrears, and the lessor having given notice that it had elected to end and determine the lease, an attorney, at the request of the lessor, was proceeding to file in the office of the prothonotary the amicable action and judgment in ejectment as provided for in the lease, when he was met by the order of court above quoted. As required by its provisions, he entered a rule to show cause why the amicable action should not be filed and judgment be entered against defendant for possession of the premises described in the lease. This rule was taken out September 3, 1924. An answer was filed by defendant on September 16, 1924, in which it set up, among other things, an oral agreement on the lessor's part to make certain repairs to the property which had not been made, claimed resulting damages, and denied the right of the plaintiff

to enter its amicable action or to have judgment thereon. The docket entries disclose that a hearing was held October 22, 1924, that the testimony was filed October 27, 1924, and that not until October 14, 1925, was an opinion filed, in which judgment for plaintiff was refused, and a jury trial ordered for the determination of the question "Is the plaintiff entitled to judgment?" Following this order, plaintiff applied for and we issued a special certiorari directing the record to be brought before us.

It is the contention of plaintiff that the rule violates certain legislative enactments and is therefore void. Of course, a court of record has an inherent power to make rules for the transaction of its business: Dubois v. Turner, 4 Yeates 361; Barry v. Randolph, 3 Binney 277; Vanatta v. Anderson, 3 Binney 417; Boas v. Nagle, 3 S. & R. 250; Snyder v. Bauchman, 8 S. & R. 336; Gannon v. Fritz, 79 Pa. 303; Lehman v. Howley, 95 Pa. 295; Helffrich v. Greenberg, 206 Pa. 516. This power exists independent of any grant by act of assembly: Dubois v. Turner, supra; Barry v. Randolph, supra; Russell v. Archer, 76 Pa. 473. Section 21 of the Act of June 16, 1836, P. L. 784, 792, expressly provides that the courts shall have the rule-making power. But that act introduced no new principle and granted no new power; it was simply declaratory of the law as it stood before its passage: Mylin's Est., 7 Watts 64; Harres v. Com., 35 Pa. 416; Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432. This statute expressly provides, however, that such rules "shall not be inconsistent with the Constitution and laws of this Commonwealth." That too was only confirmatory of the law as it then existed. Even before that act, a rule in contravention of a statute was not valid: Boas v. Nagle, 3 S. & R. 250; Crossby v. Massey, 1 P. & W. 229. There has always been the limitation on this power that rules of court must not be contrary to law or unreasonable: Barry v. Randolph, supra; Snyder v. Bauchman, supra; Flisher v. Allen, 141 Pa. 525; Timney v. Timney, 21 Pa.

Superior Ct. 538. Where a mode of procedure or practice is prescribed by statute, a different mode prescribed by rule of court is void: Smith v. Wertheimer, 76 Pa. Superior Ct. 210. A rule which would require a party to do something which the legislature intended should not be required of him, or which would permit him to omit something which the legislature has required would be in contravention of law and consequently void: Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432. A court cannot by rule divest itself of a duty which is placed upon it by law: South Pittsburgh Water Co. v. Winterberger, 75 Pa. Superior Ct. 150. Nor can a rule divest a citizen of a legal right: Barry v. Randolph, 3 Binney 277.

Acting on these latter principles, the appellate courts have held the rules of lower courts to be void on several occasions, the circumstances demanding such action. In Reist v. Heilbrenner, 11 S. & R. 131, a rule of court was in effect a limitation of action; since it conflicted with a statutory limitation of action the rule was invald. In Marlin v. Waters, 127 Pa. 177, a rule of court conflicted with the Procedure Act of 1887 as to taking judgment for want of an affidavit of defense. The rule was, therefore, void. In Chester Traction Co. v. P., W. & B. R. R. Co., 180 Pa. 432, a common pleas rule was in conflict with the equity rules promulgated by this court and was, therefore, without effect. In Kelly v. Pennsylvania Co., 253 Pa. 553, we were compelled to strike down a rule as to taking judgment for want of a bill of particulars, the Procedure Act of 1887 having dispensed with such bills. In Smith v. Wertheimer, 76 Pa. Superior Ct. 210, a rule permitting judgment for want of an affidavit of defense in trespass actions was held void because the Practice Act of 1915 provides that such an affidavit need not be made.

The statutes which the plaintiff claims are in conflict with the rule in question are the following: The Act of June 13, 1836, P. L. 568, section 40, P. L. 579, which

reads, "It shall be lawful for any persons, willing to become parties to an amicable action, to enter into an agreement, in writing, for that purpose, either in their proper persons, or by their respective agents, or attorneys, and on the production of such agreement to the prothonotary of any court having jurisdiction of the subject-matter, he shall enter the same on his docket, and, from the time of such entry, the action shall be deemed to be depending, in like manner as if the defendant had appeared to a summons issued against him by the plaintiff"; the Act of April 14, 1834, P. L. 333, section 70, P. L. 354, concerning attorneys at law, which provides, "Every such attorney shall have power to commence, prosecute and defend, all actions and suits in which he may be retained or concerned, from time to time, in the manner and with the effect hitherto allowed and practiced"; and section 77 thereof, P. L. 355, concerning prothonotaries, which provides, "They shall have power ......to enter judgment at the instance of plaintiffs, upon the confessions of defendants." These statutes give legislative sanction to the entry of amicable actions and the confession of judgment thereon. So far as we have knowledge, it is the custom throughout the Commonwealth for such actions to be entered in ejectment and judgments thereon to be entered at the instance of plaintiffs upon defendants' confessions.

This has been the practice for many years, and the right to follow this procedure existed independent of statute: Cook v. Gilbert, 8 S. & R. 567; McCalmont v. Peters, 13 S. & R. 196; Hatch v. Stitt, 66 Pa. 264; Flanigen v. Phila., 51 Pa. 491; Wood v. Harlan, 78 Pa. Superior Ct. 92. The practice has uniformly been, in those instances where a defendant had a defense to the judgment, for him to make application to the court below either to strike it off or to open it and let him in to a defense. This method of procedure is speedy and orderly, preserves the rights of the parties and gives the court such control over the judgment as to prevent injustice to

defendants, as well as full opportunity to set aside unmeritorious defenses which are interposed and thus to safeguard plaintiffs in the assertion of their rights which cannot be legally countervailed. The rule in question is an innovation on the practice which has heretofore prevailed and shifts the burden which theretofore had been upon the defendant to satisfy the court that a judgment which he had confessed ought not to be maintained against him, to the shoulders of the plaintiff to satisfy the court that a duly executed confession of judgment in his favor should lead to its contemplated end.

The acts of assembly quoted provide for the filing of amicable actions and the entry of judgments thereon by the prothonotary where judgments have been confessed. The effect of the rule is to deny the statutory right to enter the action without leave of court and to forbid the prothonotary, although he is authorized by law to enter the judgment, to do so except with the court's sanction. If such a rule as that made by the court below as to amicable actions in ejectment upon leases is to be approved in view of the provisions of the law, then it is difficult to see why a like rule may not be prescribed as to judgment notes. If a rule of that kind should be adopted by the courts, the practice of our people for generations would be upset and great hardship and wrong could be done to worthy creditors attempting to assert just claims where time as to the entry of judgment might be of the most vital consequence.

This proceeding indicates how greatly the complete execution of rights might be delayed, because here, a landlord, which, on the face of the papers, and in view of the alleged default, was entitled immediately to repossess itself of its property, asserted its rights under the lease by beginning proceedings thereon on September 3, 1924, but did not get its case heard for more than a month, and there was no preliminary decision on the rule to show cause until a year later. It was then faced

with an order for a jury trial to determine whether it is entitled to judgment, which may not, very likely cannot, be finally determined, if appeal should be taken, for another year, during all of which time the lessee remains in possession of the property paying no rent. Such a state of affairs should not be tolerated unless it is unavoidable, and we think under the law it is not, because in our opinion the rule of court contravenes the acts of assembly and the common law under which it was plaintiff's right to proceed speedily.

We are not unmindful of cases in which rules of court as to the entry of judgments by confession where the confessions are more than ten and more than twenty years old have been sustained, such as Bierly v. Hamor, 50 Pa. Superior Ct. 124. There is a reason for such rules owing to the age of the document in which judgment is confessed and the presumption of payment. As was said by the Superior Court in the cited case, "The validity of such a rule of court has been recognized throughout the Commonwealth from early times and we think is beyond question," but it has also been recognized throughout the Commonwealth and is equally beyond question that proceedings between landlord and tenant should be speedy of remedy and quick of conclusion.

We are not disposed to encourage proceedings by special certiorari. The orderly method is to invoke the appropriate remedy in the court below, which in the pending case would have been mandamus. This remedy not having been pursued, we might well have quashed the writ of certiorari. We have concluded, however, in view of the great delay to which the plaintiff has been subjected to allow the writ to stand.

The court below is directed to set aside the order heretofore made granting a jury trial, plaintiff to be permitted to proceed, irrespective of the rule or order of court in question, in accordance with law.