## Bunting's Estate.

*Executors and administrators—Filing account before expiration of six months from grant of letters—Act of June 7, 1917.*

1. An account of an administrator or executor should not be filed and advertised before the expiration of six months from the granting of letters.

2. If the account is prematurely filed and advertised, it must be stricken from the audit list, returned to the register and readvertised according to law.

3. Any rule of court prescribing a contrary practice as to filing accounts is superseded by the Act of June 7, 1917, P. L. 447.

Exceptions to *nisi* confirmation of final account of Frank H. Horner, executor. O. C. Greene Co., June T., 1926, No. 14.

*Kyle & Reinhart,* for exceptant; *S. M. Williamson,* for accountant.

SAYERS, P. J., April 26, 1926.—This matter was submitted to the court April 19, 1926, on the papers filed and after argument of counsel for both accountant and exceptant. The following are the only facts which are necessary to be considered in order to dispose of the question raised: Can an

executor file his final or any other account before the expiration of six months from the date of the grant of letters testamentary to him by the register of wills and have the same adjudicated by the Orphans' Court?

*Facts.*

Samuel Bunting died, testate, Aug. 10, 1925, and letters testamentary were granted by the Register of Wills of Greene County, Pennsylvania, to Frank H. Horner, the executor named in the will, on Aug. 13, 1925. He filed this final account in the register's office Jan. 27, 1926. The account was duly advertised and presented with other accounts for *nisi* confirmation as provided by Rule 3, section 1, of this court.

The account was presented by the register after having been duly advertised, along with other accounts, on Wednesday, March 3, 1926, being the date fixed by rule of court for the presentation of accounts to the Orphans' Court and *nisi* confirmation of the same. When the account under consideration in this case was presented, Thomas J. Horner, a legatee named in the will of the testator, filed exceptions and objected to its being confirmed *nisi* and certified into the Orphans' Court, for the reason that the account was filed and advertised within less than six months after the time letters testamentary were granted to the accountant. The court withheld the *nisi* confirmation and granted a citation on accountant, returnable in ten days, to show cause why the exceptions should not be allowed and the accountant directed to readvertise the account.

On March 11, 1926, the executor filed an answer to the petition and exception to the *nisi* confirmation as made by Thomas J. Horner, legatee, which answer admitted the facts as found above, but averred that the account was filed before the six months had expired, because Thomas J. Horner, the exceptant, insisted that the executor should wind up the estate as fast as he could, and for the further reason that the debts of the estate were all paid and there were no creditors to be injured by the filing of the account within the six months. The accountant also averred in his answer that the Orphans' Court of Greene County has formulated no rule prohibiting an account to be filed with the register of wills until after the expiration of six months from the grant of letters testamentary, and that in filing his account the accountant has complied with the requirements of the only rule of court in the court rules pertaining to filing of accounts with the register of wills and the advertising and presentation of the same to the Orphans' Court for confirmation.

Thomas J. Horner, exceptant, filed a reply to this answer on March 26, 1926, denying that the exceptant could do anything, or did do anything, to authorize the accountant to file and advertise his account in any other manner than that required by law, and suggested that there might be creditors and debts which had not come to accountant's knowledge when the account was filed.

The only rule of this court which pertains to filing of accounts in the Orphans' Court that need be considered here is Rule 3, section 1, which reads as follows:

"Section 1. Accounts allowed by the register shall be presented (to the Orphans' Court) on the first Wednesday of each term and confirmed *nisi*, which confirmation shall become absolute without further order, unless exceptions are filed within ten days thereafter; but no account shall be allowed or advertised by the register unless it has been on file for at least thirty days prior to the day of presentation. The final confirmation shall be in form, as provided by Rule II, section 3, of Common Pleas Rules."

Bunting's Estate.

Section 3 of Rule II in the Common Pleas provides that the clerk shall, if no exceptions are filed within ten days, enter on the record the final confirmation in the following form: "And now, ——————, no exceptions having been filed to the foregoing account, the same is confirmed absolutely, *sec. reg.*"

## Discussion and law.

The filing of an account is now governed by the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, which is explicit as to the time for filing of the account. Without entering into a discussion of the various provisions of the act of assembly with regard to the filing and confirmation of accounts, it is the understanding of this court that the act, construed as a whole, prohibits the filing of any account within the period of six months after the date of the granting of letters testamentary or of administration. No legatee, devisee, distributee, creditor or any other persons interested can require the accountant to file an account within six months of the date of the grant of letters. The accountant can be cited to file an account after the expiration of six months, as provided in section 46 (*a*) of the act. Distribution will not be ordered within the period of six months: Section 49 (*a*). The fiduciary may be cited to file his account after the expiration of the six months: Section 46 (*a*).

It has been decided repeatedly by the courts of this State that an account should not be filed and advertised before six months have expired from the granting of letters. If prematurely filed and advertised, it shall be stricken from the audit list and returned to the register and readvertised according to law: Cotter's Estate, 27 Dist. R. 1023; Hayden's Estate, 28 Dist. R. 39; Cooper's Estate, 29 Dist. R. 230; Caldwell's Estate, 2 D. & C. 27; Johann's Estate, 4 D. & C. 583.

It is held in Cotter's Estate and Johann's Estate, *supra*, that the account should not be filed until six months have elapsed from the granting of letters, and also from the date of the first publication of the notice of granting of letters, and that creditors have the right to assume that the account need not be looked for until six months have expired from the first insertion of the advertisement.

The question of filing an account and publishing notice is not raised in Myers's Estate, 7 D. & C. 123, but the decision of the court there implies that an executor or administrator should file his account within the period of six months of the grant of letters, and the syllabus of the case states that he is bound so to do. It is directed in section 46 (*a*) of the act that the fiduciary shall file his account "at the expiration of six months from the time of administration granted or when thereunto required by the Orphans' Court." The correct interpretation of the meaning of the whole of section 46 (*a*) is that the court will not require the filing of an account, or issue a citation to require it, until after the expiration of the six months.

The claim of the accountant that since there was no rule of court prohibiting the filing of the account within six months, and that the rule of this court now extant, set forth above, permitted the accountant to file an account at any time, provided it is filed with the register of wills at least thirty days prior to the day it is presented to the Orphans' Court for *nisi* confirmation, cannot be sustained. There is no conflict between the said rule of court and the Fiduciaries Act as to the time for filing an account, and if there was, the rule must give way to the law. In other words, if the present rule of court could be so construed as to permit the filing of an account within six months of the grant of letters, it is contrary to the law as it now stands, and, conse-

quently, would be of no force. Where the mode of procedure or practice is prescribed by statute, a different rule prescribed by rule of court is void: Equipment Corporation, etc., v. Primos Vanadium Co., 285 Pa. 432.

And now, April 26, 1926, it is ordered and decreed that the accountant withdraw said account from the files of the Orphans' Court and cause it to be filed with the Register of Wills and readvertised and presented for *nisi* confirmation as required by law and the rules of this court, the same to be done at the cost of the accountant.

From S. M. Williamson, Waynesburg, Pa.