Rihr *v.* Domke et ux., Appellants.

Argued November 17, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Warren H. Van Kirk,* for appellants.

*William S. Doty,* with him *Helge G. Florin,* for appellee.

OPINION BY DITHRICH, J., December 27, 1948:

This is an appeal by the tenants from an order of the Court of Common Pleas of Allegheny County making absolute a landlord's rule to show cause why judgment in an amicable action in ejectment should not be entered. It is their contention that Rule 125-B (h) of the Court of Common Pleas makes mandatory a hearing before judgment by confession may be entered in ejectment in cases where the landlord's defense to eviction is factual

and involves the merits of the landlord's asserted rights under § 209 (a) (2) of the Federal Housing and Rent Act of 1947, as amended, 50 U. S. C. A. Appendix, § 1899 (a) (2).

Be that as it may, we are not here called upon to decide the question, since the appeal is premature. Under Rule 125-B (h), if an answer to the rule for judgment is filed raising an issue of fact, the petitioner may apply for a hearing and on the date fixed by the judge sitting in the assignment room, the matter shall be heard and disposed of. The provision for a hearing is the only departure from the long-established practice theretofore prevailing of entering judgment by confession before the prothonotary, as of course.

In this case the rule was made absolute without the granting of a hearing. Query, does that make it a final appealable order? Certainly not. Appellants would still be under the duty of filing a motion to strike off the judgment or a petition to open it. They did neither. There is nothing in the Federal Housing and Rent Act and the local rule adopted pursuant thereto that relieves an aggrieved party from the duty of so proceeding.

What we said in *Petersime Incubator Co. v. Guthrie*, 137 Pa. Superior Ct. 532, 533, 9 A. 2d 909, is clearly applicable here: "The appeal must be quashed on the authority of Pettit v. Clever, 219 Pa. 428, 68 A. 960. It was there held that no appeal lies from a judgment entered by the prothonotary, as of course, with no order of intervention by the court. If the judgment was improperly entered, relief from it must be asked from the court in which it was entered, and if the court denies such relief, an appeal may then be taken."

Appeal quashed without prejudice to the right of appellants to move the court below to strike off or to open the judgment within thirty days after the return of the record.