Rihr *v.* Domke et ux., Appellants.

Argued April 20, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Warren H. Van Kirk,* for appellants.

*William S. Doty,* with him *Helge G. Florin,* for appellee.

PER CURIAM, May 2, 1949:
In this appeal from an order refusing to strike off a judgment entered in an amicable action in ejectment, appellants assert what they claim to be "*a perfect right* to take *full advantage* of the act of the lower Court in

this case" to retain possession of a rented property to which they clearly are not entitled. (Italics added.)

This is the second time the case has been before this Court. When it was here before, the appeal was quashed because it was premature. *Rihr v. Domke*, 163 Pa. Superior Ct. 482, 62 A. 2d 766.

Rule 125 B of the Court of Common Pleas of Allegheny County provides, in part: "(e) Upon the filing of an amicable action in ejectment, based on warrant of attorney, a rule to show cause shall issue as of course." and "(h) If an answer is filed raising an issue of fact, the petitioner may apply to the Assignment Room for a date of hearing, not more than ten (10) days after such application, and notice thereof shall be given to respondent or his attorney of record, and upon the date so fixed for a hearing, the matter shall be heard by the Judge in the Assignment Room or assigned to a Judge for disposition thereof."

The præcipe for the rule to show cause and the Declaration in Ejectment were filed October 13, 1948, and, after due notice, defendants on October 25, 1948, filed their answer to the Declaration, praying that "judgment [be entered] in favor of the defendants." On the following day, to wit, October 26, 1948, the Assignment Room Judge, without notice to defendants, entered the following order: "Rule in the above entitled case is made absolute." That is the "act of the lower Court" of which appellants seem determined "to take full advantage." On the following day, to wit, October 27, 1948, a confession of judgment by virtue of authority in the lease was filed.

Following the quashing of the premature appeal, appellants petitioned the learned court below to strike off the judgment on the sole ground that, "The said judgment was entered without the defendants' having a hearing," as provided by Rule 125 B (h), and "without

notice having been given to defendants or their attorney of the time and place of applying for said Order making said Rule absolute." But, as stated in the opinion of the learned court below, section (h) provides that *"notice of the hearing so fixed* shall be given to defendants or their counsel. *This does not mean notice of the application.* It means notice of the date of hearing, *if a hearing be awarded."* (Italics added.)

Since the Assignment Room Judge decided that defendants' answer did not entitle them to a hearing, they should have petitioned the court to open the judgment entered by confession on the warrant of attorney contained in the lease. This they did not do. Instead they moved to strike off the judgment. In the words of the Supreme Court, in *Dando v. Brobst,* 318 Pa. 325, 330, 177 A. 831, 833, "We do not approve the conduct of defendants' counsel in not moving to open the judgment and thus giving the court below an opportunity to pass upon the case on its merits."

We reiterate what we said on the former appeal, *Rihr v. Domke,* 163 Pa. Superior Ct. 482, 483, 62 A. 2d 766, 767: "There is nothing in the Federal Housing and Rent Act and the local rule adopted pursuant thereto that relieves an aggrieved party from the duty of so proceeding"; that is, of proceeding as provided by the ". . . statutes [which] give legislative sanction to the entry of amicable actions and the confession of judgment thereon": *Equipment Corp. of America v. Primos Vanadium Co.,* 285 Pa. 432, 437, 132 A. 360, 362, and the uniform practice prior to the adoption of the aforesaid rule. To construe the rule in the manner contended for by appellants would be in direct violation of the ruling of the Supreme Court in the case last cited.

The order is affirmed.